# LUCAS v. THORINGTON.

1. The plaintiff and defendant were mutually indebted to each other upon accounts. The account of the former was stated at $1594 20-100, of the latter at 1102 50-100. Both of the accounts were barred by the statute of limitations; on the plaintiff's the defendant made the following indorsement, which was subscribed by him, viz: " I admit the correctness of the within account with the exception of the item for $520 paid W. D. Bynum, upon an order purporting to be drawn by me, which I do not admit, March 31st 1838." The plaintiff made an admission on the defendant's account as follows: " The above account is correct, and I agree to allow it against my account on settlement."

Lucas v. Thorington.

*Held*, that the indorsement by the defendant was not a conditional admission that the excepted item was a proper charge, and a waiver of the statute of limita. tions, upon the plaintiff's making proof of its correctness.

WRIT of Error to the Circuit Court of Montgomery.

This was an action of assumpsit, by the defendant in error against the plaintiff, and was tried on the pleas of *non-assumpsit,* payment, set-off and the statute of limitations. At the trial, the defendant excepted to the ruling of the court. From the bill of exceptions, it appears that the plaintiff offered in evidence an account for professional services, money paid, money lent and advanced, &c., at the instance, and for defendant's benefit, amount- ing in the aggregate to the sum of fifteen hundred and ninety-four 20-100 dollars. At the foot of the account, a credit is stated for eleven hundred and two 50-100 dollars, with a balance struck of four hundred and ninety-one 70-100 dollars as still due the plain- tiff. On the back of the account an admission signed by the de- fendant is written in these terms: "I admit the correctness of the within account, with the exception of the item for $520 paid W. D. Bynum, upon an order purporting to be drawn by me, which I do not admit; March 31st 1838."

The plaintiff then adduced an order purporting to be drawn by the defendant on the 16th May, 1828, in favor of Bynum, for the money, as it recites, left by defendant in plaintiff's hands; and at the foot thereof is a receipt dated the 18th May, 1828, for five hundred and twenty dollars in U. S. Bank notes. He also offer- ed evidence tending to show that the order though not signed by the defendant, was drawn and subscribed by his direction, and the money received by him; but the defendant attempted to prove that he was not bound by the order, and offered an account for the amount with which he was credited by the plaintiff, in which among other items, is one for seven hundred dollars cash, placed in plaintiff's hands " to purchase Copeland's judgments."

On the defendant's account is an admission by the plaintiff as follows: " The above account is correct, and I agree to allow it against my account on settlement."

Both the accounts were barred by the statute of limitations, unless relieved from its operation by the admissions of the re- spective parties.

The court instructed the jury, that the indorsement on the accounts, if proved, were sufficient to take the contested item out of the statute of limitations; and if defendant was bound by the order to Bynum, the statute should not apply to it, when it did not to the rest of the account. A verdict was returned for the plaintiff, and judgment was thereupon rendered.

ELMORE, for the plaintiff in error, cited 6 Term Rep. 189; 1 M. & P. Rep. 487; 3 B. & C. Rep. 10; 4 Bing. Rep. 315, 5 Id. 455; 15 Johns. Rep. 511; 7 Wend. Rep. 408; 7 Greenl. Rep. 307; 3 Har. & Johns. 266; 7 Hals. Rep. 339; 7 Wend. Rep. 322; 3 Bing. Rep. 329; 3 S. & R. Rep. 211; 9 Id. 128; 1 Ala. Rep. N. S. 482; 3 Wend. Rep. 532; 7 Id. 267; 15 Johns. Rep.; 3 Id. 511.

J. THORINGTON, for the defendant, cited 6 Term Rep. 189.

COLLIER, C. J.—The accounts of the parties are made up of distinct items, and the acknowledgment of the justness of one, and a liability to pay, cannot withdraw the others from the influence of the statute of limitations, upon any other hypothesis than that the waiver of a defence, as to a part, precludes the defendant from defending as to the residue. No such ground has been assumed by the defendant in error; but he insists that the law was correctly laid down in the circuit court, because the terms of the admission show, that the statute was not intended to be relied on, but the object of the parties was merely to confine the litigation to the question of the legal liability of the defendant below, to account for the money advanced upon the order to Bynum, without regard to the length of time since the transaction took place. Such may have been the object of the parties, but we can only know their intentions from what they have expressed in writing. What then has the defendant said? That he admits the correctness of the plaintiff's account, with the exception of the item to which we have referred—that he denies to be correct. This admission, with its saving, cannot be construed to be a conditional promise, viz: that the defendant will pay all the plaintiff's account if the latter will establish the part that is disputed. In respect to the part denied to be just, there is no admission or promise, but a protestation of its injustice, and a consequent unwillingness to pay it.

In this view of the facts, it is clear that there is nothing that amounts in law, to such a promise, as will take the case out of the statute. The leading cases on this point, are collected and the result stated in Crawford and another v. Childress's ex'rs, [1 Ala. Rep. N. S. 488.] There it was held, that " an acknowledgement which will revive the original cause of action must be unqualified and unconditional. It must show positively that the debt is due in whole, or in part. If it be connected with circumstances, which in any manner affect the claim; or if it be conditional, it may amount to a new *assumpsit,* for which the old debt is a sufficient consideration; or if it be construed to revive the original debt, that revival is conditional, and the performance of the condition, or a readiness to perform it must be shown." So " if there be no express promise, but a promise is to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay. If there be any accompanying circumstances which repel the presumption of a promise, or intention to pay; if the expressions be equivocal, vague, and indefinite, leading to no certain conclusion, but at best, to probable inferences, which may affect different minds in different ways, we think they ought not to be received as evidence of a new promise to revive the cause of action."

Here there is no acknowledgment of a present or past liability as to the five hundred and twenty dollars, but an explicit denial of both; and for this reason, the case cited, is conclusive against the plaintiff upon the evidence in the record. The judgment is consequently reversed, and the cause remanded.

CLAY, J.—Not sitting.