## NEWHOUSE & CO. v. REDWOOD, ADMINISTRATOR OF GOODWIN.

1. In an action of assumpsit against an administrator *de bonis non*, an offer by the administrator in chief to pay the principal sum sued for, in notes of third persons, is proper evidence to be left to the jury; the question upon such proof is, whether by this offer, the party was to be understood as admitting the debt sued for, to be then a valid and subsisting debt, which he was liable and willing to pay; or whether the offer to pay in notes was intended as a qualification of his liability, and as the condition upon which alone he was willing to pay.

Writ of error to the County Court of Mobile County.

Assumpsit by Newhouse & Co. against Redwood, as the administrator *de bonis non* of Goodwin, on the common counts. The defendant, with other pleas, pleaded the statute of limitations, and to this the plaintiff replied, that one Wm. S. Paine, the administrator in chief, had, within three years next before the commencement of the suit, promised, &c.

At the trial, the proof was, that Paine was appointed administrator in chief on the 11th January, 1841. In the year 1842, and during the time he was administrator, Paine offered the plaintiffs to pay them the principal of the debt sued for, in notes on third persons, which offer the plaintiffs refused to accept. The Court charged the jury, that such offer and refusal could not take the case out of the statute of limitations; but that the statute, notwithstanding such offer and refusal, was a bar to the plaintiffs' action.

The plaintiffs excepted to this charge, and now assign it as error.

Campbell, for the plaintiffs in error, insisted that the charge was too broad, inasmuch as it took from the jury the consideration of the question, whether this offer was an absolute recognition of the debt, coupled with a promise to pay in a particular manner; or, whether it was understood by Paine as a conditional promise. He cited, 4 Pick. 110; 22 Pick. 292; 2

Mitc. 168; 21 Pick. 123; 21 Maine, 433; 15 John. 511; 5 Wend. 257; 3 Wend. 189: 15 Wend. 284; 17 Wend. 514; 4 Porter, 223; Dodson v. Mackey, 4 N. & M. 327.

DARGAN, contra, argued that the law was now well settled, that a promise must be absolute and unconditional, to take a case out of the statute, when the statute has fully run, and the bar is complete. [Morrison v. Bell, 1 Pet. 351; 13 John. 288; 6 N. H. 132; 4 N. H. 315; Crawford v. Childress, ex. 1 Ala. Rep. N. S. 482.] The offer, in this case, has nothing in it to be left to the jury; if this alone was before to the jury, the charge must be construed with reference to the inferences which the jury could draw from this alone, unattended with other circumstances, which, if they exist, should have been shown.

GOLDTHWAITE, J.—The bill of exceptions presents the single question, whether an offer, by a former personal representative of the intestate, to pay the principal of the debt, subsequently sued for against the administrator *de bonis non,* in notes on third persons, which offer the plaintiffs refused to accept, could take the case out of the statute of limitations. The Court charged that the statute was a bar, notwithstanding such offer and refusal. The plaintiffs contend here, that this evidence should have been left to the jury, to consider its effect, and that the result of the charge was to preclude such consideration.

It is difficult to say in what cases of this kind, the effect of the evidence is to be determined by the Court, without the aid of a jury, yet it is certain that it may be done under peculiar circumstances. Thus in Bell v. Morrison, 1 Peters, 351, the question directly before the Court was, whether or not the evidence given at the trial in that case, should have been left to the jury. So, too, in Bell v. Rowland, Hardin, 301, the question was the same, and the Court held, that it was proper either to submit the facts to the jury, or, (as was done in that case,) for the Court to determine, that taking the whole evidence of the plaintiff to be true, it would not warrant a verdict in his favor. Both these cases, however, very satisfactorily establish, that the evidence of the acknowledgment, or promise, may be of such a nature as to require the jury to pass upon its

effect.   Thus it is said in the latter case, "if the slightest ac-
knowledgment, if strained constructive acknowledgments and
promises are held sufficient, it must multiply litigation, pro-
duce endless uncertainty, and, it is to be feared, a fruitful
crop of perjuries.   Slight circumstances, and a man's loose ex-
pressions, would be construed into a full acknowledgment of
the debt, which he himself never intended to make, nor under-
stood himself as making any acknowledgment at all.   The
only safe rule that can be adopted, capable of any reasonable
certainty, is, that in order to take the case out of the statute of
limitations, an *express* acknowledgment of the debt, as a debt
due at the time, coupled with the original consideration; or an
*express* promise to pay it, must be proved to have been made,
within the time prescribed by the statute."   In the former case,
the Court says, "if there be no express promise, but a promise
is to be raised by implication of law, from the acknowledg-
ment of the party, such acknowledgment ought to be certain,
an unqualified and direct admission of a previous subsisting
debt, which the party is liable and willing to pay."   This con-
dition of the proof is evidently put as one proper to go to the
jury, and from which they will be authorized to imply a new
promise.   The Court then proceeds thus: "If there be accom-
panying circumstances which repel the presumption of a prom-
ise or intention to pay; if the expressions be equivocal, vague,
and indeterminate, tending to no certain conclusion, but at best
to probable inferences, which may affect different minds in
different ways, we think they ought not to go to the jury as
evidence of a new promise to revive the cause of action."

In the present case, it was not shown that any circumstances
accompanied the offer made by the previous administrator, to
repel the presumption which might naturally arise from it;
the expressions used are neither vague, equivocal or indeter-
minate.   On the contrary, they seem to contain an unqualified
and direct admission of a previous subsisting debt, which the
party was liable to pay, and then willing to do so in a particu-
lar manner.   At least such would be the inference which might
be drawn from such an offer, and as we should be constrained
to draw, if the same matter was submitted on a demurrer to
evidence.   We are not, however, to be understood that a jury
would be *bound* to draw such an inference.   The question to

be determined by them, would be, whether the party, by this offer, was to be understood as admitting the debt sued for, at that time, a valid and subsisting debt, which the party was liable and willing to pay ; or, on the other hand, whether the offer to pay in notes of third persons, was understood by him as a qualification of his liability, and as the condition upon which alone he was willing to pay. And the jury should have been instructed, that if they came to the first conclusion, they might infer a promise to pay the debt, which would thus be withdrawn from the statute ; but that its bar remained if they considered the offer to be conditional only. [St. John v. Garrow, 4 Porter, 223 ; Lucas v. Thorington, 5 Ala. Rep. 504.]

The case of Dodson v. Mackay, 4 Nev. & Mann. 327, is a direct authority, that in a case where the evidence will admit of more interpretations than one, it is properly left to a jury.

On the whole, we are satisfied that the charge of the County Court was too broad in assuming that such an offer and refusal could not take the case out of the statute. What the charge should have been, has already been indicated.

Judgment reversed and cause remanded.