Shaw v. White, executor, &c.

---

## SHAW *vs.* WHITE, EXECUTOR, &c.

[ACTION BY MARRIED WOMAN ON PROMISSORY NOTE, EXECUTED TO HER WHILE SOLE, AND CLAIMED AS PART OF HER SEPARATE ESTATE.]

1. *Demurrer to evidence, object and effect of.*—The object of a demurrer to evidence is not to substitute the judge for the jury as a trier of the facts, but to ascertain the law upon an admitted state of facts; and its effect, when issue is joined, is to admit every fact which the testimony establishes, or tends to establish: the court does not stand in the place of a jury, to render such a judgment as the jury ought to have rendered, but to render a judgment against the party demurring, if the jury could legally have done so from the evidence.

2. *Gift of money, facts held, on demurrer, not sufficient to show.*—In an action to recover money loaned, plaintiff proved that her grand-father, with whom she was then living, loaned the money to defendant, and took his note payable to her; that he stated, at the time, that the money was his, but that he intended it for plaintiff, at his death, if she remained with him until that time, and pleased him; that she afterwards married, and left her grand-father's house; and that he subsequently went to defendant, gave him up the note, (which defendant then destroyed,) and took another note payable to himself: *Held*, on demurrer to this evidence, that it showed no right of recovery in plaintiff.

3. *Joinder in demurrer to evidence, when court may require.*—Where the evidence introduced by the plaintiff does not tend to establish his right to recover, and the defendant introduces no evidence, but demurs to the plaintiff's, the court is authorized (Code, § 2349) to require the plaintiff to join in the demurrer.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought, in February, 1855, by Mrs. Apsilla Shaw, the appellant, to recover the amount of a promissory note, alleged to have been executed by the defendant on the 1st January, 1853, when the plaintiff was sole and unmarried, and payable to her, by her maiden name of Apsilla Travathan, on the 1st January, 1854. The complaint alleged that the plaintiff, since the execution of the note, had intermarried with William Shaw, her present husband, and that the note was a part of her separate estate; and contained a count for money loaned by plaintiff to defendant.

The judgment entry recites that the defendant, David Fleming, made affidavit in writing that Wellborn C. White, as executor of John White, deceased, claimed the money in controversy,—deposited the money in court, and prayed that said White, as executor, might be substituted in his stead as defendant; that thereupon said White appeared, made himself a party to the suit, and pleaded "that said Fleming is not indebted to said plaintiff, with leave to give in evidence any matter in bar of the action"; that Fleming was then discharged from all liability, and issue was joined on the plea tendered by said White. The judgment entry then proceeds as follows:

"Thereupon the plaintiff proved, that she intermarried with William Shaw, in Pike county, Alabama, in July, 1854; that she and her said husband had resided in said county for several years before their marriage, and have ever since resided there; that she resided, for several years before her said marriage, with one John White, and was a young lady, the grand-daughter of said White, and kept house for him, and attended to his domestic affairs,—said White being unmarried; that one John Spence, four or five years ago, had applied to said White to borrow money, and that said White said, 'he had no money, but his grand-daughter, Apsilla, [the present plaintiff,] had some money, but that he [said Spence] should not say anything about it'; that said Spence borrowed $100, and gave his note for $100, payable to Apsilla Travathan, or bearer,—which note was paid about six or eight

months after the money was loaned.   It was also in evidence
that, in 1853, the said David Fleming applied to said White
to borrow money; that White loaned him $200,—stating, at
the time, that the money was his, but that he intended it for
his grand-daughter, Apsilla Travathan, at his death, if she
remained with him until his death, and pleased him, and that
he would take the note payable to her, or bearer; that the
note given was a promissory note, in the common form, and
was due in January, 1854; that his object, in making the
note payable to her, was, that if he died, and she remained
with him until his death, she might then control it as her
property; that she married the said William Shaw, after the
execution of said note, and left the house of the said White,
and never resided with him after her marriage; that said
White, after plaintiff's said marriage, called on said Fleming,
gave him the note which he had previously made, payable to
said Apsilla Travathan, and took from him a note payable to
himself (said White) for the amount due on said first note;
and that said Fleming destroyed the note which he had first
made, payable to said Apsilla.   The plaintiff also proved
that, about one year before the death of said White, which
occurred in 1854, another person called on him to borrow
money, and that said White stated, that he had no money
himself, but that his grand-daughter (the plaintiff) had some
which she would loan; and it was also in evidence, that said
White was a man of considerable property.   This was all
the evidence introduced by the plaintiff, and the defendant
introduced none; and thereupon the defendant demurred to
the said evidence, and the court required the plaintiff to join
in the demurrer,—which the plaintiff did."

The court rendered judgment on the demurrer for the
defendant, and its judgment is now assigned as error.

GOLDTHWAITE & SEMPLE, for the appellant :   If there was
any evidence tending to show that the plaintiff was entitled
to recover, the judgment on the demurrer should have been
for the plaintiff.—Bryan v. The State, 26 Ala. 65, and cases
there cited.

PUGH & BULLOCK, *contra:*   Conceding the rule of law laid

down in Bryan's case, the judgment on the demurrer was correct. Giving the plaintiff the full benefit of all the facts proved, and of every reasonable inference and intendment, no jury could have legally rendered a verdict in her favor. The money loaned belonged to the appellee's testator. He intended, upon certain contingencies, to give it at his death to the plaintiff; but the contigencies never happened. The note which he had taken payable to her, and which had never passed out of his possession, was destroyed, and a new one was taken payable to himself. The evidence showed conclusively that plaintiff had no right to recover; and the court was authorized to require the plaintiff to join in the demurrer.—Brandon v. Huntsville Bank, 1 Stew. 320; Alexander v. Fitzpatrick, 4 Porter, 405.

RICE, C. J.—In Bryan v. The State, 26 Ala. 65, this court held, that the object of a demurrer to evidence is, not to substitute the judge for the jury as a trier of the facts, but to ascertain the law upon an admitted state of facts; and that its effect, when issue is joined, is to admit every fact which the testimony establishes, or tends to establish. It was also held, that upon a demurrer to evidence, the court does not stand in the place of a jury, to render such a judgment as the jury ought to have rendered, but to render one against the defendant, if the jury, from the evidence, could legally have done so.—See, also, Carson v. The Bank, 4 Ala. 148; Foster v. McDonald, 5 ib. 376; Alexander v. Fitzpatrick, 4 Porter's R. 405, and authorities therein cited; Gibson v. Hunter, 2 H. Bl. Rep. 206; Norvell v. Camm, 2 Rand. Rep. 68; Whittington v. Christian, 2 ib. 353; Jones v. Vanzandt, 2 McLean's R. 596.

Adhering to the law as above laid down, we are satisfied there was no error in the judgment of the court below upon the demurrer to the evidence. No fact or circumstance appears in that evidence which has any legitimate *tendency* to prove that the appellant was entitled to recover; but, on the contrary, the evidence shows that she was not entitled to recover.

In such a case, the court is authorized, by section 2349 of the Code, to compel the plaintiff to join in the demurrer to

the evidence, The precise operation upon that demurrer was, to take from the jury, and to refer to the judge, *the application of the law to the fact;* and the defendant had the right to withdraw from the jury the application of the law to the fact, by interposing a demurrer to the evidence,—the effect of which was to admit upon the record " every fact and every conclusion which the evidence given for the plaintiff conduced to prove." The defendant may not have the right, by demurring to evidence which is loose, uncertain, contradictory, or circumstantial, but which, nevertheless, *tends* to show a right of recovery in the plaintiff, to call upon the court to *draw inferences* from such evidence, or to determine *how far it goes* to establish the right of the plaintiff to recover.—See Whittington v. Christian, *supra.* But, however that may be, it is clear that, where the evidence introduced by the plaintiff does not *tend* to establish his right to recover, the defendant has the right, by a demurrer to it, to call upon the court to pronounce its legal effect; and the court is authorized to compel a joinder in the demurrer.—Code, §§ 2349, 2350. In such a case, the right of the defendant to demur is as clear as his right to demur to the pleading. Alexander v. Fitzpatrick, *supra;* Norvell v. Camm, *supra;* and other authorities *supra.*

There is no error, and the judgment is affirmed.