## BATES' ADM'R *vs.* BATES.

[ASSUMPSIT ON COMMON COUNTS—PLEA, STATUTE OF LIMITATIONS.]

1. *Demurrer to evidence.*—On demurrer to the plaintiff's evidence, and issue joined thereon, the question for the decision of the court is, whether, allowing every intendment which could be made in the plaintiff's favor, the jury might legally render a verdict for him on the evidence.

2. *Sufficiency of subsequent promise to remove statutory bar.*—A declaration by the debtor, to the attorney of the administrator of the deceased creditor, ' that he had once offered to *settle the claim in lands,* and either would or could now *settle the claim in lands* if the administrator was authorized to make any settlement of it,' held insufficient, on demurrer, to remove the bar of the statute of limitations. (Overruling *Newhouse v. Redwood,* 7 Ala. 598.)

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. JOHN E. MOORE.

THIS action was brought by James F. Bates, as the administrator *de bonis non* of Thomas Bates, deceased, against Joseph Bates, and was commenced on the 3d May, 1849. The cause of action was certain moneys, collected by the defendant, as sheriff of Mobile county, under execution against one William Roberts, against whom a judgment had been recovered by one Seth Stodder, and who was afterwards summoned by process of garnishment, at the suit of the executrix of Thomas Bates, as the debtor of said Stodder, and a judgment rendered against him for the amount of his indebtedness. The defendant pleaded the general issue, and the statute of limitations; and to the latter plea the plaintiff replied a subsequent promise. On the trial, the plaintiff offered in evidence the deposition of C. W. Rapier, and the file of chancery papers therein referred to. The material portion of Rapier's testimony was as follows : " A short time before the commencement of this suit, witness went with James F. Bates, across Royal street in the city of Mobile, to where Joseph Bates was standing, for the purpose of speaking with him on the subject of the claim on which this suit is founded, and to obtain a settlement

of the same if possible. Witness had with him at the time a file of chancery papers, in the case of William Roberts against Joseph Bates and others. The nature of the claim was mentioned to Joseph Bates in that interview. Witness does not remember that the amount of the claim was stated, and cannot distinctly recollect the exact words used by said Joseph Bates in offering to settle. He thinks, however, that he stated, in substance, that he had once offered to settle the claim in lands. Witness thinks, that said Bates said, in substance, that he either could or would now settle the claim in lands, if James F. Bates was authorized to make any settlement of the demand." The defendant demurred to the plaintiff's evidence, and the plaintiff joined in the demurrer. The court held the evidence insufficient to remove the bar of the statute of limitations, and therefore rendered judgment on the demurrer for the defendant; and its ruling is now assigned as error.

E. S. DARGAN, for the appellant, cited Newhouse & Co. v. Redwood, 7 Ala. R. 598; Ross v. Ross, 20 Ala. R. 105; Townes & Nooe v. Ferguson, 20 Ala. 147.

WILLIAM G. JONES, *contra.*

WALKER, J.—Upon demurrer to the evidence, the court below decided, that the testimony was not sufficient to sustain the replication of a subsequent promise to the plea of the statute of limitations. The only evidence relating to the issue upon the replication was given in by a single witness, and is as follows: "He [the defendant] stated, in substance, that he had once offered to settle the claim in lands; that he either could or would now settle the claim in lands, if James F. Bates was authorized to settle the demand." For the purposes of this opinion we grant to the appellant, that James F. Bates had authority to accept payment in lands, without considering the point, for the concession will not affect the result. The testimony, after that concession, will import a declaration of the defendant, either that he could now settle the claim in lands, or that he would now settle the claim

in lands. Adopting the alternative adverse to the party demurring to the evidence, the defendant is to be deemed to have said, that he would settle the claim in lands.

The question which the defendant raised by his demurrer, was, whether, allowing every intendment which could be made in favor of the plaintiff, there was a right of recovery, or whether the jury could legally have returned a verdict for the plaintiff upon the evidence.—Shaw v. White, 28 Ala. 637.

Subjected to this test, did the testimony authorize the judgment rendered by the court? We answer that it did. The testimony can, by no intendment, be construed to mean anything more than that the debt was just, and that the defendant was willing to pay in lands. It would do violence to reason to say, that a willingness to pay in lands was equivalent to an unqualified willingness to pay, and would attribute a meaning to the party's words, of which they are not susceptible. The willingness to pay was, then, qualified with the condition, that the payment should be in lands. There is no principle of law better settled, than that a promise upon condition will not prevent the operation of the statute, unless there was a compliance with the condition. That is the necessary effect of our own decisions, which maintain that an express or implied promise is necessary, and that a promise can only be implied where there is an acknowledgment of a liability and willingness to pay.—Spyker's Adm'r v. Bradford, 32 Ala. 134; Darrington v. Pearson, 32 Ala. 227; Townes & Nooe v. Ferguson, 20 Ala. 146; Ross v. Ross, 20 Ala. 105; Crawford v. Childress, 1 Ala. 482.

In Bush v. Bernard, 8 Johns. 403, an offer to pay in specific articles was held, as a matter of law, insufficient to revive the cause of action. The supreme court of the United States, on a demurrer to evidence, decided, that the replication was not sustained by the defendant's declaration that he would deliver the powder, for the failure to deliver which the action was brought, whenever the plaintiff settled a certain claim.—Wetsell v. Bernard, 11 Wheat. 309. This decision is approved by this court, in Crawford v. Childress, *supra;* and from it the assertion

Bates' Adm'r v. Bates.

that a conditional promise will not revive the cause of action is adopted in that case. As a legal proposition it was decided in Davies v. Smith, 4 Esp. 36, that the words, "I think I am bound in honor to pay, and I shall pay when I am able," would not remove the bar. The same decision was made as to the words, "I will pay as soon as I can," in Tanner v. Smart, 6 B. & C. 603, (13 E. C. L. 273.) In Bell v. Morrison, 1 Peters, 351, it is said, that the promise must be proved in a clear and explicit manner, and be in its terms unequivocal and determinate; and if any conditions are annexed, they ought to be shown to be performed. In Taylor v. Stedman, 11 Iredell, 447, (S. C., 13 Iredell, 97,) it was held, that a promise to pay in good notes or judgments would not remove the bar. In Mitchell v. Clay, 8 Texas, 443, there was an offer in writing to pay in certain lands, at a certain price, or at a price to be determined by disinterested men. The supreme court of Texas decided, that the cause of action was not thereby revived. The unaccepted offer of a horse was decided not to be a good acknowledgment, in Huff v. Richardson, 19 Penn. 388.—See, also, Ang. on Lim. 249–254; Cocks v. Weeks, 7 Hill, 45; Random v. Toby, 11 How. 493; Kensington Bank v. Patton, 14 Penn. St. R. 479; Smith v. Eastman, 3 Cush, 355; Adams v. Torrey, 26 Miss. 499.

There was here no conflict in the evidence. The evidence was legally insufficient to remove the bar, and the court did not err in so ruling.

This court decided, in the case of Newhouse v. Redwood, 7 Ala. 598, that it was erroneous for the court to charge the jury, that an offer to pay the principal of the debt in notes, which was rejected, would not revive the cause of action. This decision was thus far clearly wrong, on principle and upon authority, as shown by the citations above adduced. We, therefore, are not willing to follow it.

The judgment of the court below is affirmed.