289 So.2d 809

EQUILEASE CORPORATION, a corporation

v.

J. L. McKINNEY, Individually and d/b/a K. McKinney Company.

Civ. 236.

Court of Civil Appeals of Alabama.

Feb. 6, 1974.

Richard L. Thiry, Mobile, for appellant.

Herndon Wilson, Mobile, for appellee.

HOLMES, Judge.

Appellant-Equilease Corporation filed suit against appellee-McKinney for breach of contract, in the Circuit Court of Mobile County, Alabama.

After the overruling of demurrers, interposed by appellee, to the complaint as amended the appellee entered a plea of the general issue. Thereafter, trial was held before the court without the intervention of a jury. At the close of the appellant's evidence and after it had rested, the appellee demurred to the plaintiff's evidence and the court rendered a verdict and judgment thereon for the defendant. Put another way, the trial court sustained the demurrer to the evidence.

Appellant's dispositive argued assignments of error are that the trial court erred in sustaining the demurrer to the evidence. The record reveals the following facts.

The plaintiff-appellant is in the equipment leasing-financing business. The appellee-defendant is a supplier of air conditioning and heating equipment. A third party, who was in the restuarant business,

desired some air conditioning and heating equipment and, as a result, the appellant purchased the equipment from appellee and thereafter appellant leased the equipment to the third party. Thereupon, the following agreement was entered into:

"In order to induce you and in consideration of the purchase of equipment from us and the leasing of the same to *The Frohlichstein Carriage House Restaurant, 456 Auditorium Drive, Mobile, Alabama*, as Lessee, we agree that, should the Lessee default under the terms of said lease, or should the Lessee die or become insolvent, or make an assignment for the benefit of creditors, or if a petition in bankruptcy shall be filed by or against such Lessee, or in the event of the appointment of a Receiver for the Lessee, or if a judgment is obtained or a warrant of attachment issued, or a tax lien is filed against the Lessee and same shall not be vacated within ten (10) days, we shall, at your request and within *10* days after you notify us in writing by prepaid mail, purchase the defaulted lease from you and pay you therefor *100%* of the original purchase price of said equipment, plus sales or use taxes, if any, and Lessor's earned charges, which earned charges are to be computed as follows: A percentage of the original total charges which is the difference between the cost of equipment including shipping charges if paid by Lessor, and the total aggregate rentals under this lease, as computed by using the sum-of-the digits of the number of months constituting the term of the lease as the denominator of a fraction, and the total of the declining digits for the months of the lease expired from the date of the least [sic] to the date of the cancellation as the numerator, less any rentals previously paid by the Lessee. If your claim against us is placed with an attorney, we agree to pay you reasonable legal fees of 15% of the said purchase price. Upon such payment said equipment and lease shall be assigned to us without recourse to you.

"We agree that the provisions of this agreement shall not be impaired by the renewal, extension, modification, release of parties, settlement or compromise by you in liquidation, adjustment, bankruptcy proceedings or otherwise of said lease or any parties liable thereunder, nor shall this agreement prevent you from pursuing any other rights or remedies which you may have under the lease."

This agreement was signed by the appellee.

In March of 1968 the third party defaulted on payment under the lease and the appellant, in June of 1968, notified the appellee of this fact and demanded payment as provided in the agreement. The appellee thereafter made no payment as provided under the contract as set out hereinabove. In June of 1969 the appellant sold the equipment and the suit which is the subject of this appeal was filed in June 1971; appellee was given credit for the amount for which the equipment was sold. The complaint reads as follows:

"Plaintiff claims of the Defendant the sum of $5,459.00 dollars due from him by a contract of guaranty executed by the said Defendant on, to-wit, the 20th day of December, 1967, a copy of which said contract is attached hereto and marked 'Exhibit A' and made a part hereof as if fully set out herein; Plaintiff avers that the said lease made the consideration for the said contract market [sic] 'Exhibit A' was executed by and between the Plaintiff and W. H. Williamson d/b/a The Frohlichstein Carriage House Restaurant on, to-wit, the 20th day of December, 1967, a copy of which said lease is attached hereto and marked 'Exhibit B' and made a part hereof as if fully set out herein; and Plaintiff avers that the Lessee under the said 'Exhibit B' defaulted under the terms of the said lease marked 'Exhibit B' on, to-wit, the 1st day of March, 1968, by failing and refusing to pay the installments then due thereunder; Plaintiff avers that it notified the defendant herein in writing by prepaid mail on, to-wit, the 10th day of March,

1968, of the default of said lessee under the lease marked 'Exhibit B' and requested that the Defendant herein pay to the Plaintiff the sums then due under the contract marked 'Exhibit A'; and Plaintiff avers that the Defendant breached terms and conditions of the said contract marked 'Exhibit A' on, to-wit, the 21st day of March, 1968, by failing and refusing to pay the said sum due thereunder; Plaintiff claims the said sum of $5,459.00; Plaintiff claims in addition thereto a reasonable attorney's fee of $818.70 as provided by said contract marked 'Exhibit A'."

At the outset, it is necessary to establish how the trial court and this court must view the evidence presented when a party demurs to the evidence.

■ The effect of a demurrer to the evidence is to admit every fact which the testimony establishes, or reasonably tends to establish. The court does not stand in the place of a jury, to render such a judgment as the jury ought to have rendered but to render one against the defendant, if the jury, or the court, as the case may be, from the evidence could legally have done so. See McCarty v. Williams, 212 Ala. 232, 102 So. 133; Shaw v. White, 28 Ala. 637; Bates Administrator v. Bates, 33 Ala. 102. See also 18A Ala.Dig. Trial ⬅ 156(3).

■ Furthermore, to determine if the court properly acted on the demurrer to the evidence we must examine the state of the pleadings. It is the pleadings which determine the burden of a plaintiff to establish by the evidence his right of recovery. Patterson v. First National Bank of Hunstville, 47 Ala.App. 98, 251 So.2d 230.

■ . It is readily apparent, as seen from the complaint as set out hereinabove, that the appellant alleges a contract by and between the appellant and the appellee and breach thereof by the appellee with resulting damages. To this the appellee filed a plea of the general issue which, in actions *ex contractu,* is an averment that the alle-gations of the complaint are untrue, and puts in issue only the truth of such allegations. Furthermore, if the defendant does not rely solely on a denial of the plaintiff's cause of action, he must plead specially the matter of defense. See Behrman & Winter v. Newton, 103 Ala. 525, 15 So. 838. By the plea of the general issue the burden was then upon the plaintiff-appellant to establish by the evidence the allegations of his complaint.

Therefore, we must now examine the evidence, viewed as we must when a demurrer to the evidence is interposed, to determine whether the evidence is sufficient to prove the allegations of the complaint.

■ As we view the evidence as revealed by the record, the appellant proved the existence of the contract sued upon, a breach thereof by the third party lessee, notice of the breach by the third party lessee to the appellee-defendant, and nonpayment of the amount due under the contract by the appellee as was provided by the terms of the agreement. Therefore, the evidence, viewed as we must when a demurrer to the evidence is made, proved the allegations of the complaint, which complaint does state a cause of action.

■ From the record, it appears the basis for the sustaining of the demurrer to the evidence by the learned trial judge was bottomed on the premise that since the appellant could not return or deliver the equipment involved in the lease and contract, the plaintiff-appellant could therefore not recover. In this instance, under the state of evidence, we cannot agree.

■ The contract clearly states that, "Upon such payment said equipment and lease shall be assigned to us without recourse to you." Here, defendant-appellee never made such payment after notice of default. Therefore, as we view the matter, the action by plaintiff in selling the equipment and giving defendant credit therefor simply minimized the plaintiff's damage. The law in Alabama is clear that the injured party has a duty to minimize his

damages and may not recover for damages which might have been avoided. Atkins v. Ala. Drydock & Shipbuilding Co., D.C., 195 F.Supp. 944. See 7A Ala.Dig. Damages ⬢62(1) and 62(4).

Furthermore, the doctrine of mitigation of damages applies only to plaintiff's conduct subsequent to the wrongful act of the defendant. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666. Here, in this instance, the property was sold after the nonpayment of defendant. It would appear that this was not only proper but necessary under the law.

The above being dispositive of the appeal, we therefore must reverse and remand.

It should be noted that our action in reversing and remanding is solely because the demurrer to the evidence should not have been sustained and if conflicting evidence is presented to the learned and distinguished trial judge on a trial of the merits, our above action is not intended to be determinative of the issues there involved.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.