The plaintiffs, four brothers doing business as Merrill Brothers Timber Company, appeal from the denial of their motion for new trial. Their contention is that the jury awarded inadequate damages. We affirm.
The dispositive issues are (1) whether the jury's assessment of the damages was unsupported by the evidence and (2) whether the learned trial judge erred in sustaining an objection to a question relating to plaintiffs' purported lost profits.
The record reveals the following: On October 6, 1976, Charles Merrill, while driving plaintiffs' two-ton timber hauling truck, was involved in an accident with defendant.
This truck was specially equipped to meet the needs of plaintiffs' business. It was a long-bed truck and had a logging frame attached to the bed as well as a tandem rear end.
As a result of the collision, this logging frame was bent and the truck was out of commission for ten months. The reason for the long lay-up was the time expended in acquiring and installing a new frame. Two months elapsed before plaintiff ordered this new frame, several more before it arrived, and, once received, it took two months to install.
Before trial, defendant conceded liability. Defendant also stipulated that in the event plaintiffs proved they were entitled to recover for loss of use of the truck during the time necessary to repair it, the sum of $50 net per day would be the reasonable rental value for a substitute vehicle.
There developed a dispute at trial as to the necessity of replacing the frame. Charles Merrill testified he did not want the bent frame repaired as he feared this could not be adequately accomplished. He stated he had not checked with any experts on the feasibility of repair. However, he indicated he would have accepted a repair in lieu of total replacement "if they would have given me some type of guarantee that that truck, that the frame would never have given me any trouble. . . . But, they would not have given me that."
Buster Miles Chevrolet Company ordered and installed the frame as well as performing other necessary repairs.
William Jones, service and parts manager for the car company, indicated he had never been confronted with the question of what type of guarantee would be available on such a repair. He also testified that a repair would have been difficult and stated the Merrills desired a replacement, not repair.
Although Jones was not experienced in the type of work required to straighten a logging frame, it was his opinion that the job could have been done successfully in approximately three months by someone with the proper expertise.
He testified also that the bill for replacing the frame came to $3,819.67.
There was further testimony from Mr. Jones to the effect that he had no knowledge of any similarly equipped logging trucks in the area which were available for rental purposes. However, he made no direct inquiries on this point. Charles Merrill gave similar testimony as to the unavailability of suitable rental trucks, but his only effort to secure one was directed to Buster Miles Chevrolet Company. *Page 1318 
Charles Merrill was asked what profits the partnership had lost during the ten month lay-up and he answered, "Roughly, $30,000.00." After this answer was given, defendant's counsel objected and the learned trial judge sustained the objection. However, defendant made no motion to exclude and there was no instruction to the jury that it could not consider the answer.
In his charge to the jury, the trial judge instructed the jury as to the damages plaintiffs could recover if the jury found in plaintiff's favor. The jury was instructed the plaintiffs could recover the reasonable market value of the hire and use of the vehicle during the time reasonably necessary for its repair plus the reasonable expense of making such repair. The jury was further charged that plaintiffs' loss of profits during the period of repair was not to be considered as an element of damages.
Finally, the jury was instructed plaintiffs had the duty to exercise such care as a reasonably prudent person would exercise under like circumstances to reduce or mitigate their damages and that plaintiffs could recover only such damages as would have been sustained if such care had been exercised.
Plaintiffs duly excepted to that part of the charge which dealt with the lost profits.
The jury returned a verdict in favor of plaintiffs in the amount of $4,000. Plaintiffs moved for a new trial due to the alleged inadequacy of this amount. The trial judge denied the motion and plaintiffs appeal.
At the outset, it is well established that jury verdicts are presumed correct and that this presumption is strengthened when the trial court denies a motion for new trial. Furthermore, when the ground set forth in the denied motion is that the verdict is contrary to the evidence, here inadequate, a reviewing court will not reverse unless, after allowing all reasonable presumptions of correctness, the preponderance of the evidence is so decided as to clearly convince the court that it is wrong and unjust. Freeman v. Turner, Ala.Civ.App.,374 So.2d 354 (1979). See, Spears v. Bishop, Ala.Civ.App.,339 So.2d 75 (1976).
Plaintiffs argue this case calls for reversal, contending the undisputed testimony and stipulations showed that they were entitled to recover at least $6,819.67. In support of this argument, they cite us to cases which hold a jury verdict cannot stand if it varies from an uncontradicted opinion of value and the jury disregards the testimony of competent witnesses, substituting its own conclusions for undisputed evidence. Free v. Palmer, Ala.Civ.App., 373 So.2d 1100, cert.denied, 373 So.2d 1103 (Ala. 1979). In other words, a jury cannot disregard the only evidence of value before it and bring in a verdict unsupported by any reasonable hypothesis presented by the evidence. Farmers and Ginners Cotton Oil Co. v. RelianceInsurance Co., 341 So.2d 147 (1976).
Plaintiffs argue the jury disregarded the only competent evidence presented. They point to the repair bill totaling $3,819.67. They further point to the uncontroverted testimony that even if the frame had been merely repaired, and not totally replaced, the truck would have been out of commission for three months. As it was stipulated that the rental cost for an available replacement truck would have been $50 per day, plaintiffs argue the total recoverable rental expenditures would be at least $3,000. Plaintiffs conclude that although the jury was not bound to return a favorable verdict, when it in fact did, the amount awarded had to at least equal $6,819.67.
We cannot agree for we conclude, contrary to plaintiffs' assertions, that there was a reasonable hypothesis supportive of the verdict. Farmers and Ginners, supra.
The trial judge instructed the jury the plaintiffs could recover only those damages which they would have sustained if they had exercised such care as a reasonably prudent person would have exercised under like circumstances to mitigate the damages. This was a good charge correctly stating the law and no exception was taken. See, Equilease Corp. v. McKinney,52 Ala. App. 109, 289 So.2d 809 (1974). *Page 1319 
With this charge in mind, as well as the presumption of correctness afforded the verdict, we note plaintiff Charles Merrill testified he had not sought an opinion as to the feasibility of repair as opposed to total replacement of the frame. In fact, his testimony made it clear he did not want the frame repaired.
William Jones testified that although repair would be difficult, one experienced in such work could have straightened the frame.
The complaining party is entitled, by reason of repair, to a vehicle equal to but not better than he had had immediately prior to the collision. Fuller v. Martin, 41 Ala. App. 160,125 So.2d 4 (1960). In light of the above, we are unprepared to say the jury could not have reasonably hypothecated that had plaintiffs made reasonable inquiry they would have found a less expensive repair would have been sufficient. Therefore, we cannot say the award of $4,000 is so inadequate, indulging the proper presumptions, as to require reversal.
As indicated, plaintiffs also sought to put forth testimony relating to a claim for lost profits. In this regard, Charles Merrill, in response to a question put to him by his attorney, testified plaintiffs had lost $30,000 due to the inability to use the damaged truck. Only after this answer was given was an objection made by defendant which was sustained. There was no motion to exclude the answer, the answer was not excluded, and the jury was not instructed to disregard the answer.
When a party answers a question to which an objection is afterward sustained, the party asking the question is not prejudiced by the ruling. This is so because the objection, coming after the answer, does not remove the answer from evidence. See, Cooper v. Magic City Trucking Service, Inc.,288 Ala. 585, 264 So.2d 146 (1972), and cases cited therein.
In any event, there would have been no error even if the trial judge had specifically excluded plaintiff's answer. This is so because in Alabama lost profits are not recoverable for the period a commercial vehicle is laid up for repairs. Wilsonand Co. v. Sims, 250 Ala. 414, 34 So.2d 689 (1948).
Indeed, in Wilson, while acknowledging that some jurisdictions allow recovery of lost profits when no substitute vehicle can be obtained, the Supreme Court of Alabama declined to adopt this approach. There, the court specifically set forth the measure of damages in a case of this type to be exactly as charged to the jury in the case sub judice.
It only follows there was no error either in sustaining the objection or in instructing the jury that lost profits were not to be considered.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.