Plaintiff appeals from a judgment rendered in favor of the defendant in this action to enforce a foreign judgment and a guaranty contract. We affirm.
The plaintiff, Delro Industries, Inc., hereinafter referred to as "Delro," is a wholesale distributor of swimming pools, equipment, and accessories, with its principal place of business in Springfield, Massachusetts. On February 22, 1977, Delro agreed to sell swimming pools to Swim Time Pools, a Florida corporation. Edward Evans executed a guaranty agreement in Florida that provided that he would personally guarantee the prompt payment of every claim arising in favor of Delro against Swim Time Pools. Delro made credit sales of equipment and accessories to Swim Time Pools from 1977 to 1980.
Delro made its last sale to Swim Time Pools on August 15, 1980. Subsequent thereto, there was a balance due of $138,360.20 on Swim Time Pools' account with Delro. Swim Time Pools filed for bankruptcy, and, incident to those proceedings, Delro received an $8,355.44 dividend. Delro then brought suit in a Springfield, Massachusetts, court to enforce Evans's contract of guaranty. On October 14, 1983, the Massachusetts trial court entered a default judgment in favor of Delro.
On February 3, 1984, Delro filed the present action to enforce the foreign judgment. Delro's complaint was amended on March 4, 1985, to include a cause of action based directly on the personal guaranty of Evans. After a non-jury trial, the court entered judgment in favor of Evans. This appeal followed.
Delro contends that the judgment of the trial court is contrary to the great weight of the evidence and is palpably wrong. On the other hand, Evans contends that the trial court correctly held that *Page 978 
the Massachusetts judgment was not entitled to full faith and credit because the Massachusetts court did not have personal jurisdiction over him. It is conceded that this was an appropriate inquiry in the trial court, since Evans did not appear and defend the action in Massachusetts. Whether Evans was subject to the personal jurisdiction of the Massachusetts court depends upon the facts. We now turn to the facts material to this issue.
Evans is a resident of the state of Alabama. A non-resident must have certain minimum contacts with a state before the state's courts may acquire personal jurisdiction over him.Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228,2 L.Ed.2d 1283 (1958).
 "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "
International Shoe Co. v. Washington, 326 U.S. 310,316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quotingMilliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339,343, 85 L.Ed. 278 (1940)). Evans visited the state of Massachusetts on three occasions to attend "pool shows" put on by the plaintiff. One witness testified that Evans placed an order while he was in Massachusetts on behalf of Swim Time Pools, but all other orders were made by mail or telephone from Andalusia, Alabama, Swim Time Pools' principal place of business.
The United States Supreme Court has held that "purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction" over a non-resident in a cause of action unrelated to those purchases and trips.Helicopteros Nacionales de Columbia, S.A. v. Hall,466 U.S. 408, 417, 104 S.Ct. 1868, 1874, 80 L.Ed.2d 404
(1984). Evans's three visits to the state of Massachusetts, his only contacts with that state, had no relation to the claim on the guaranty agreement asserted by Delro in the Massachusetts court. Accordingly, we hold that Evans did not have sufficient contacts with the state of Massachusetts to warrant that state's assertion of jurisdiction over him. Therefore, the Massachusetts judgment on the guaranty agreement is void and is not entitled to full faith and credit in Alabama. World-Wide Volkswagen Corp. v.Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490
(1980).
Because we hold that Delro could not maintain an action on the Massachusetts judgment, we now address the claim asserted by way of the amended complaint. Evans contends that under Ala. Code (1975), § 40-14-4, Delro cannot bring suit in Alabama to enforce the underlying sales contract by way of the guaranty agreement, because, he says, Delro's activities within the state amount to doing business here without a license. We disagree.
Testimony at trial established that Delro has no salesmen, agents, or other personnel in Alabama; that Delro does not have an office, warehouse, business address, or telephone number in the state of Alabama; that the only contact Delro has with the state is through shipping goods to Alabama from orders placed by phone or mail; and that even though one of Delro's principal owners has made two or three visits to Evans's home in Andalusia, Alabama, the visits were not for the purpose of soliciting sales. These activities simply do not amount to doing business in the state of Alabama under Ala. Code (1975), § 40-14-4. See, Foxco Industries,Ltd. v. Fabric World, Inc., 595 F.2d 976 (5th Cir. 1979); see also, Wallace Construction Co. v. IndustrialBoiler Co., 470 So.2d 1151 (Ala. 1985).
Finally, Evans contends that the judgment of the trial court was proper because Delro failed to prove all of the elements necessary to recover for breach of the guaranty agreement. The guaranty agreement provides in pertinent part as follows:
 "I/We hereby guaranty to Cannon [Delro] the prompt payment when due of every claim of Cannon [Delro] which may *Page 979 
hereinafter [sic] arise in favor of Cannon [Delro] against Swimtime [sic] Pools.
 "This is a continuing guaranty and shall remain in force until revoked by me/us by notice in writing to Cannon [Delro] and such revocation shall be effective only as to claims of Cannon [Delro] which arise out of transactions entered into after its receipt of such notice."
By its own terms the agreement provides that it is a continuing guaranty, a guaranty of future indebtedness uncertain as to amount or time. See Shur-Gain FeedDivision William Davies Co. v. Huntsville Production CreditAss'n, 372 So.2d 1317 (Ala.Civ.App. 1979). Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty. See Equilease Corp. v.McKinney, 52 Ala. App. 109, 289 So.2d 809 (1974). However, to recover under a conditional guaranty or a continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved.
 "Where the guaranty is a collateral continuing or conditional one, the guarantor is entitled to reasonable notice of the principal's default. Thus notice of the principal's default should be given where the guaranty is of a future indebtedness uncertain as to amount or time; or where the guaranty takes the form of a letter of credit by which the guarantor promises to be responsible for the payment of the price of goods which may be sold to the third person. . . ."
38 C.J.S. Guaranty § 63 (1943); see alsoWalker v. T. G. Forbes, 25 Ala. 139 (1854); andEquilease Corp. v. McKinney, 52 Ala. App. 109,289 So.2d 809 (1974).
In the case at bar, Delro proved the existence of the guaranty contract by offering the actual document into evidence. The breach of the underlying sales contract and nonpayment of the amount due from Evans under the terms of the guaranty agreement were established by evidence that the account had an outstanding balance of $138,360.20 and that Delro had to resort to Swim Time Pools' bankruptcy proceedings to receive payment on the account. Notice to Evans of the breach by Swim Time Pools, however, was not proved by Delro. Notice might have been implied from evidence of Evans's employment position at Swim Time Pools, but the only evidence that appears in the record on this point shows only the mere fact that Evans was employed by Swim Time Pools. His position and duties were not revealed.
The failure of a party holding a guarantee to give notice to the guarantor of the debtor's default may be excused where the debtor is insolvent when the debt comes due, since notice would be of no advantage to the guarantor. Walker v. T. G. Forbes, 25 Ala. 139 (1854). In the case at bar, Delro proved that Swim Time Pools was indebted to Delro in the amount of $138,360.20, and that this indebtedness was discharged through bankruptcy proceedings; however, Delro failed to prove the exact date of default and Swim Time Pools' financial status on that date. See 38 C.J.S.Guaranty § 63. Accordingly, we hold that Delro did not meets its burden of proof on the guaranty contract claim.
After considering all of the evidence and all reasonable inferences therefrom, we hold that the judgment of the trial court is not plainly or palpably erroneous. Rhoden v.Miller, 495 So.2d 54 (Ala. 1986). Therefore, the judgment is affirmed.
AFFIRMED.
ALMON, ADAMS and HOUSTON, JJ., concur.
JONES and MADDOX, JJ., concur in the result.
TORBERT, C.J., dissents.