(117 So. 422)

## RONEY v. DOTHAN PRODUCE CO.
### (4 Div. 356.)

Supreme Court of Alabama. June 7, 1928.

Rehearing Denied June 28, 1928.

See, also, 217 Ala. 475, 117 So. 46.

E. C. Boswell, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

THOMAS, J. The substantial form of the summons on a complaint is indicated by statute, section 9417, Code of 1923. When the summons is looked to, it is apparent who the respective parties plaintiff and defendant are.

In determining who are the parties to a suit, since the complaint follows the summons on the same paper, and both are served upon the defendant at the same time, the summons may be looked to in connection with the complaint. And where the summons is sufficiently definite as to the respective parties and their capacity, and the relations in which they appear, or are brought before the court, it sufficiently appears that the suit was against the individual named and by the Dothan Produce Company, a corporation. This was sufficient without a repetition of the respective names on the complaint proper. Greer & Walker v. Liipfert Scales Co., 156 Ala. 572, 47 So. 307; Lusk v. Britton, 198 Ala. 245, 73 So. 492; Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 So. 778. See, also, Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74.

The case of Visible Measure Gasoline Dispenser Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383, was not intended to apply to the question before us or to overrule the foregoing authorities. That suit was begun by attachment by a nonresident against a nonresident, and the complaint failed to allege such nonresidence of the defendant and whether the post office address was known, and, if so, to state the same. In such suit the record must show jurisdiction of the defendant to render a judgment by default valid. It is ob-

vious that this decision is not material to the inquiry before us.

The trial court committed no reversible error in overruling demurrer or rendering a judgment nil dicit, there being no subsequent pleading on file.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.