19 So.2d 118

EMERGENCY AID LIFE ASS'N v. HENDERSON.

8 Div. 379.

Court of Appeals of Alabama.

Aug. 22, 1944.

W. M. Brunson, of Elba, and S. A. Lynne, of Decatur, for appellant.

Newton B. Powell, of Decatur, for appellee.

RICE, Judge.

This was a suit by appellee against appellant on a policy of insurance issued by the appellant May 20, 1941, insuring the life of Aubrey Henderson, who is alleged to have died October 15, 1941.

Appellant appeared and filed a plea in abatement of the suit, alleging that the policy in question contained a provision that "no action at law * * * shall be brought or maintained on any claim arising under this policy by the insured or any beneficiary hereunder until after the expiration of ninety (90) days from the completion and filing of proofs of such claim on the forms provided by the Association for such purpose." And appellant further averred in said plea—properly verified (Code 1940, Tit. 7, § 226)—that "the plaintiff, who is the beneficiary under said policy, did not complete and file proofs of the claim sued on. and has never to this date filed such proof of said claim on the forms provided by the defendant for such purpose."

Appellee neither questioned, by demurrer, the form nor sufficiency of said plea in abatement, nor filed a general traverse thereof.

Instead, he sought to avoid its effect by filing a special replication, which we quote, viz.:

"For answer to the plea in abatement, the Plaintiff says that said proof was waived by the Company, in that the Company sent an agent, who had the right to waive proof of loss in such cases, and who was North Alabama Manager of said Company and who, while acting within the line and scope of his authority as such agent, stated to the plaintiff after the loss, and before the expiration of 90 days from the death of said deceased, that the defendant was not liable for said loss, and that the defendant would not pay said claim, and the Plaintiff alleges that by said acts, the defendant waived said proof of loss."

Where the above mode of procedure is adopted, and issue joined, it seems clear that the law is as shown by the quotation we shall make from the Code Commissioner's Annotations immediately following Code 1940 Title 7, § 234, viz.: "The effect of the interposition of special replication only to a plea, no general replication or general traverse is (being) filed, is to confess the averments of the plea, and to relegate and confine the special replications to the category of pleading in confession and avoidance of the matter undertaken to be set forth as a bar to recovery by the plea." Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 So. 469, and cases cited.

Other cases are cited and quoted from by the Code Commissioner at the place designated above—all, we believe, to the same effect.

So, it appears plainly enough, here, that appellee, by filing only his special replication as above, admitted the averments of the appellant's plea in abatement.

Then, he must prove the allegations of his replication, or fail.

We may waive, for the moment, some controversial phases of the proof adduced on the trial of the issues raised by the plea in abatement and the replication thereto.

It will be enough for us to say that there was not even a scintilla of evidence that—in the language of appellee's said replication, "before the expiration of 90 days from the death of said deceased," an agent, who had the right to waive proof of loss in such cases, while acting within the line and scope of his authority as such agent, stated to the plaintiff that the defendant was not liable for said loss, and that defendant would not pay said claim.

Thus a material allegation contained in said replication was entirely without support on the trial of the issues raised and joined.

It was error to give to the jury at appellee's request the general affirmative charge to find in his favor on the trial of the plea in abatement.

Instead, on the proof offered, judgment abating the suit, in accordance with the prayer of appellant's plea, should have been entered. Gay v. Cummings, 23 Ala. App. 8, 122 So. 313, certiorari denied Id., 219 Ala. 324, 122 So. 313; 49 C.J. 244.

The trial on the merits was abortive; and was not, properly, ever reached. We, of course, ignore, here, the judgment rendered thereon.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.