WALTER E. HERING et al., Plaintiffs, *v.* TOWN OF CANANDAIGUA et al., Defendants.

Supreme Court, Ontario County, November 29, 1966.

*William G. Scott* for Town of Canandaigua, defendant. *William L. Clay* for plaintiffs.

G. ROBERT WITMER, J. This action arises out of a dispute over the width of McCann Road in the Town of Canandaigua. The plaintiffs own land on the east side of said road running from the center thereof. Not over 1½ rods of plaintiffs' lands have heretofore been actually used by the town for the purposes of

said road. When the town sought, last Summer, to use 2 rods of plaintiffs' land next east of the center line of the road for the purposes of improving the road, the plaintiffs objected, and they instituted this action for a judgment declaring that the road is only 3 rods wide, and enjoining the town from occupying more than 1½ rods of plaintiffs' lands therefor. Defendant town interposed an answer containing general denials and three counterclaims in which it asks that the court (1) declare the road to be 4 rods in width, (2) award compensatory and exemplary damages to the defendant town against plaintiffs for obstructing defendant's efforts to improve the road, and (3) enjoin plaintiffs from obstructing defendant's full use of the road; and the defendant town then brought on this motion for an order striking plaintiffs' complaint and granting the affirmative relief sought by the town.

It is observed that each of the parties is asking for a declaratory judgment. In the usual case it would be error for the court to dismiss a cause of action for declaratory judgment; rather the rights of the parties should be declared. (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51; *Automatic Canteen Co. of America* v. *City of Buffalo,* 26 A D 2d 614.) Thus the motion to strike the complaint is denied.

From the pleadings and the moving and answering papers it is clear that the plaintiffs contend that McCann Road is only 3 rods in width for several reasons, to wit, (1) lack of evidence (a) that it was originally laid out as a 4-rod road, (b) that when the road was laid out (as defendants contend in 1806) it was worked and developed as such within 6 years thereafter, and (c) that the owners of the lands over which it passed consented or were paid therefor, (2) that if it was laid out as a 4-rod road, the town abandoned the width in excess of 3 rods by nonuser, and (3) that for nearly 100 years surveyors, town officials, grantors and grantees of lands along the road and the public alike understood and acted upon the premise that it was a 3-rod road, and defendant town is estopped to assert that it is 4 rods in width.

Attached to defendant's moving papers is a copy of what purports to be a certificate by the Commissioners of Highways for the defendant town, establishing a 4-rod highway on January 3, 1806 in said town on a course which defendant's Superintendent of Highways and the Ontario County Superintendent of Highways swear is McCann Road. The writing on the instrument has been partially obliterated and at best is difficult to read. The County Clerk of Ontario County swears that the original document is on file in his office as an ancient document

removed from the defendant's town offices to his office for safe-keeping in an envelope dated January 7, 1806 and entitled '' Original Survey of the McCann Road in Canandaigua.''

Such a document is prima facie evidence of its contents. (CPLR 4522.) From 1801 to 1813 at least, the law gave Town Commissioners of Highways power to lay out public roads 4 rods in width, and no less (L. 1801, ch. 186, § 16; L. 1813, ch. 33, § 22; *Parker* v. *Van Houten,* 7 Wend. 145 [1831]); and so, if the document relied upon by the town describes McCann Road, that road thereby became 4 rods in width. In my view, however, a question of fact is presented as to whether the road described in the document is McCann Road and whether its course as therein described falls within the area of McCann Road as now existing (*Cobb* v. *County of Monroe,* 24 Misc 2d 581). If upon a trial it is found that the document does describe McCann Road and that McCann Road follows its course, I hold that that will be sufficient to entitle the defendant to a judgment declaring that McCann Road is 4 rods in width. (*Cobb* v. *County of Monroe,* 7 Misc 2d 141, affd. as to this point 8 A D 2d 755.)

Plaintiffs' contentions that the defendant must prove that the highway was opened and used as such within 6 years of its laying out and that the persons whose lands were taken consented or were paid therefor are not well taken. Such matters are presumed. (*Schillawski* v. *State of New York,* 9 N Y 2d 235; *Mangam* v. *Village of Sing Sing,* 26 App. Div. 464, affd. 164 N. Y. 560; *Cobb* v. *County of Monroe,* 7 Misc 2d 141, affd. as to this 8 A D 2d 755, *supra.*) Likewise without merit are plaintiffs' contentions that the town abandoned that part of the road in excess of 3 rods width or is estopped by the acts of its officials to claim more than 3 rods width; and that is so regardless of any occupation of part of the road by the plaintiffs and their predecessors in title, and regardless of the belief of officials or other citizens as to the width of the road. (*Schillawski* v. *State of New York, supra; Driggs* v. *Phillips,* 103 N. Y. 77; *Walker* v. *Caywood,* 31 N. Y. 51; *Mangam* v. *Village of Sing Sing, supra; Koff* v. *Frank,* 22 Misc 2d 551, 556.)

The motion is, therefore, granted to the extent of declaring that the only issues of fact remaining in the case are (1) does the document of January 3, 1806, relied upon by the defendant, purport to describe what is now McCann Road; (2) if so, does the course described in said document fall within the area of McCann Road as now existing; (3) if so, what damages, if any, should be awarded to the defendant movant against the plaintiffs. (See CPLR 3212, subd. [g].)

Except as hereinbefore expressly granted, defendant's motion is denied, without costs. An order may be presented specifying the only issues of fact between these parties remaining in this case, and directing that, upon a note of issue being duly filed, said issues be tried. Of course, upon determination of such issues of fact, the court will declare the width of McCann Road and grant an injunction to the successful party as prayed for in the pleadings herein.