251 So.2d 230

**L. Neal PATTERSON**

v.

**FIRST NATIONAL BANK OF HUNTSVILLE.**

**8 Div. 41.**

Court of Civil Appeals of Alabama.

July 21, 1971.

No brief for appellee.

WRIGHT, Judge.

Suit was filed by appellee, First National Bank of Huntsville, against appellant, L. Neal Patterson, in the Circuit Court of Madison County. Appellee sued as transferee of an installment note made by appellant on September 21, 1967. After service of summons and complaint, appellant appeared specially and moved to quash the summons and complaint on the ground

Humphrey, Lutz & Smith, Huntsville, for appellant.

**100**

that the name of plaintiff on the complaint was First National Bank, not First National Bank of Huntsville as appeared on the summons. The motion to quash was overruled. Appellee then filed a plea in abatement on the same ground, asserting a variance in the name of the plaintiff between the summons and complaint and lack of jurisdiction to proceed further until the correct name of plaintiff was placed in the complaint. The plea was overruled.

Appellee-plaintiff amended the complaint by adding the words "of Huntsville" after First National Bank. Service of the amendment was sent by mail to "Edgar E. Smith, Attorney of Record for Defendant." Motion to quash service was filed by appellant for failure to serve him personally with the amendment. This motion to quash was overruled and ten days granted to plead further.

Appellant filed a demurrer to the complaint, which was overruled. Answer by plea was filed. Plea A was a denial of the complaint. Plea B was lack of consideration. Plea C was failure of consideration and alleged that the note was given for purchase of an automobile which failed for that good title was not conveyed. Amendment to the complaint was again made correcting the name of plaintiff in the complaint.

Demurrer of appellee to appellant's pleas was overruled. Replication filed by plaintiff-appellee to appellant's pleas was as follows:

"1. The Plaintiff says and avers that it is a holder in due course of the negotiable instrument made the basis of this suit and therefore entitled to the rights of a holder in due course as defined under the laws of this State."

Demurrer to the replication was overruled. Issue was joined thereon.

Trial by jury was begun. Appellee offered the testimony of an officer of the bank who stated that he purchased the note for the bank and deposited the sum of $2,-

210.67 in the account of the payee, Doyle Brady Auto Sales as payment therefor. The note was received in evidence. One payment on the note had been made to appellee. The amount claimed due was shown and attorney's fees were stipulated. With this evidence, plaintiff rested. Appellant demurred to the evidence. After discussion, the jury was discharged, demurrer to the evidence was overruled and judgment entered for plaintiff in the amount of $2,987.75. Defendant duly appealed.

Appellant has made five assignments of error and argues them in brief. Appellee has not filed a brief.

Assignment of error 1 is directed to the overruling of the demurrer to the evidence.

■ One rarely sees in practice the use of demurrer to the evidence. It's use is fraught with danger in that the effect is to admit as true the evidence introduced, together with every inference and conclusion which may be legally deduced therefrom. It devolves on the court the determination of the issue of fact between the parties as well as the law. Title 7, Article 9, 1940 Code of Alabama.

■ To determine if the court properly overruled the demurrer to the evidence we must first reexamine the state of the pleadings. It is the pleadings which determine the burden of a plaintiff to establish by the evidence his right to recover.

■ To the complaint, appellant filed pleas of the general issue and want or failure of consideration. To these pleas appellee filed a special replication that it was a holder in due course. It did not traverse the special pleas of appellant by joining issue thereon but instead confessed them and alleged matter in avoidance. Thus, by failing to join issue on the special pleas, under our rules of pleading, the truth of the pleas was admitted. There was no requirement upon appellant to prove such pleas. A defense to the action was

established. The burden was then upon plaintiff-appellee to establish by the evidence the truth of the matter pleaded in avoidance of appellant's defense. Jackson Lumber Co. v. Trammell, 199 Ala. 536, 74 So. 469; German-American Nat'l Bank v. Lewis, 9 Ala.App. 352, 63 So. 741; Emergency Aid Life Ass'n v. Henderson, 31 Ala.App. 524, 19 So.2d 118.

We must now examine the evidence of appellee to determine whether as a matter of law it is sufficient to prove the replication.

This case is to be considered under the provisions of the Uniform Commercial Code as enacted by the legislature and codified in Title 7A, Sections 3–301, 3–307, Code of Alabama 1940 (Recompiled 1958). Title 7A, Section 3–307(2) (3) is as follows:

"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

"(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

Want of consideration is a defense to a suit on a note brought by a holder not a holder in due course. Title 7A, Section 3–306(c) Code of Alabama 1940 (Recompiled 1958). Until a defense is shown the issue of whether the holder is a holder in due course does not arise. When it is shown that a defense exists, and the plaintiff has raised the issue of his being a holder in due course in avoidance of the defense, he has the full burden of proof of showing by a preponderance of the evidence that he is a holder in due course "in all respects."

"In all respects" relates to the definition of a holder in due course as it appears in Title 7A, Sections 3–302, Code of Alabama 1940 (Recompiled 1958).

The burden of proof is that he must show by affirmative evidence that the note was taken for value, in good faith before maturity without notice of any defense against it.

With the provisions of the statute before us, let us lay appellee's case alongside them and determine if it has carried the burden required for recovery.

We have already shown that by failing to join issue on appellant's special plea of want of consideration, such plea was confessed. Therefore, a defense was shown and the burden was upon appellee to prove itself a holder in due course in all respects as required by Title 7A, Section 3–307(3). Of course, regardless of the specific requirements of the Commercial Code, the state of the pleadings raised the same requirements. Issue was properly joined upon appellee's replication and the burden was upon it to submit proof thereof.

We have carefully examined the evidence offered by appellee. Appellant has contended in brief and oral argument that no legal evidence was shown as to purchase of the note for value. The evidence was that upon purchase of the note appellee deposited to the account of the seller a sum of money. There are old cases in this state holding that a bank does not give value by discounting a note and crediting the account of the seller with a deposit, unless it is shown that the account was overdrawn in such amount or that the deposit was paid out on order of the seller prior to maturity, or notice of any infirmity in the note. We do not need to comment on the correctness of such cases, since we consider them no longer applicable on the question of a deposit to an account of a seller of a note being for value, in view of the provisions of Title 7A, Section 4–208 and 4–208(1) (b), Code of Alabama 1940, (Recompiled 1958). We are of the opinion that these statutes have made cases such as German-American Nat'l Bank v. Lewis, supra, and Colorado Nat'l Bank v. Western Grain Co., 218 Ala. 339, 118 So. 588, in-

applicable insofar as they relate to the "for value" definition.

Section 4–209 appears as follows:

"For purposes of determining its status as a holder in due course, the bank has given value to the extent that it has a security interest in an item provided that the bank otherwise complies with the requirements of section 3–302 on what constitutes a holder in due course." Section 4–208(1) reads as follows:

"A bank has a security interest in an item and any accompanying documents or the proceeds of either

(a) in case of an item deposited in an account to the extent to which credit given for the item has been withdrawn or applied;

(b) in case of an item for which it has given credit available for withdrawal as of right, to the extent of the credit given whether or not the credit is drawn upon and whether or not there is a right of charge-back; or

(c) if it makes an advance on or against the item."

It is clear from the above quoted Section 4–208(1) (b) that a bank has given value sufficient as a holder in due course if it has given credit available for withdrawal as a matter of right for a discounted negotiable note.

■ Does appellee's evidence show that it gave credit "available for withdrawal as of right" to the seller of the note sued on here? We do not think so. The evidence was that a deposit was made to the "account" of the seller, Doyle Brady Auto Sales. There was no showing whether the account referred to was subject to withdrawal as a matter of right. It was not shown whether the account referred to was a checking account or a reserve account.

We have looked in vain for any evidence proving or tending to prove that appellee took the note in good faith and without notice of any infirmity in or defense thereto. Therefore, we hold that appellant's assignment of error 1 is well taken. Accepting the truth of all the evidence of appellee, it did not sustain the burden of showing that it was a holder in due course, thus avoiding the plea of appellant of want of consideration in the making of the note sued upon. The demurrer of appellant to the evidence should have been sustained by the trial court.

■ Appellant has assigned as error 2, the overruling of his demurrer to appellee's replication. Ground 2 of the demurrer was that "said replication merely alleges the conclusion that the plaintiff is a holder in due course and does not allege facts supporting that conclusion."

We think the demurrer was well taken and should have been sustained. It was stated in Nelson v. Darley, 239 Ala. 87, 194 So. 177 as follows:

" * * * a mere averment in pleading that the party is 'a holder in due course,' would be but a conclusion of the pleader. The statute specifies the elements that constitute one a holder in due course, and the rule of this statute is not in conflict with the rules of good pleading as previously established. * * *" German American Nat'l Bank, supra, is to the same effect.

■ Assigned error 3 is directed to the overruling of appellant's motion to quash the summons and complaint. As previously stated, the basis of the motion was a variance in the name of plaintiff as between the summons and complaint.

It is admitted by appellant that such variance is an amendable defect, but that appellee should have been required to amend before further proceeding. We do not think the court committed reversible error in overruling appellant's motion to quash or his plea in abatement on the same ground. The overruling of the plea in abatement is assigned as error 4.

■ The summons and complaint here were on the same page. The name of plaintiff was correct in the summons. Repetition in the complaint on the same page is not necessary. There is no question that appellant knew by whom he was being sued. This situation falls within the scope of the decisions of the following cases. Roney v. Dothan Produce Co., 218 Ala. 84, 117 So. 422; Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 So. 778. We think that Title 7, Section 241 is applicable, as is Supreme Court Rule 45. We further hold that an amendable defect as to form in a summons and complaint is not a matter for plea in abatement. Caldwell v. Branch of Bank of State, 11 Ala. 549.

We pretermit consideration of assignment of error 5, since we have determined the existence of reversible error.

For error committed by the trial court, we reverse the judgment below and by authority of Title 7, Section 810, Code of Alabama 1940, render judgment as should have been rendered below.

Demurrer of defendant to the evidence of plaintiff is sustained. Judgment rendered for the defendant.

Reversed and rendered.