■ THEODORE LASHWAY et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 46188, 48890.) (Action No. 1.) OSCAR LERWICK et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 46160, 48918.) (Action No. 2.) LONI C. SCHLOER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48773.) (Action No. 3.) HENRY C. SCHLOER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48775.) (Action No. 4.)— Cross appeals from judgments in favor of claimants, entered upon a decision of the Court of Claims. The four properties in question are owned by the various claimants and abut on New York State Route 206 between the Villages of Greene and Bainbridge. The State has appropriated part of these lands for the improvement of Route 206. Highway 47 enters 206 from the north between the properties of Lashway and Lerwick and was also a part of the improvements. The question is the extent of the appropriations, the State claiming to have a prior four-rod right of way under "color of statute" derived from the original taking for the Susquehanna and Bath Turnpike and the claimants asserting that the Turnpike never came into existence, therefore, the right of way was three rods by user. The evidence establishes that the Turnpike did in fact exist and that Route 206 is its successor. The Turnpike was authorized by statute (L. 1804, ch. 71) and referred to by several early deeds in the claimaints' chains of title: Lashway — 1821, Lerwick — 1814, Loni Schloer — 1811 and Henry Schloer — 1818. Some of the claimants' current deeds also refer to the center line of the present highway, recognizing the same monument. Significantly, some of the old deed descriptions which ran to the Turnpike also ran along the center line of the Turnpike on courses consistent with the course of the present center line of Route 206. There was also proof by various ancient maps and historical documents that show the Susquehanna and Bath Turnpike and that no other highway or turnpike was to be found in that general area. Although neither the original surveys nor conveyances have been found, this evidence together with additional legislative action referrable to the Turnpike and repeated use of the Turnpike as a monument in the deeds is sufficient to prove the fact that the Turnpike existed before 1826. (See *Curran* v. *State of New York*, 27 A D 2d 449.) The State is not required to prove all the procedural aspects of the original turnpike statute were complied with. (*Bovee* v. *State of New York*, 28 A D 2d 1165.) Since the taking was under "color of statute", the extent of the right of way is determined not by the extent of use, but by the statute which ordained a four-rod right of way. (L. 1804, ch. 71; *Schillawski* v. *State of New York*, 9 N Y 2d 235; *Bovee* v. *State of New York, supra*; *Frankfater* v. *State of New York*, 17 A D 2d 515.) It is claimants' position that even though it be found that Route 206 is the successor to the Susquehanna-Bath Turnpike, they should be compensated because the State is bound to prove the present road follows the Turnpike's course by proof that the center line of the Turnpike when estab-

lished and that of Route 206 as it now exists coincide exactly. That imposes an impossible burden and one that has not been required of the State before (see *Schillawski* v. *State of New York, supra*; *Bovee* v. *State of New York, supra*; *Frankfater* v. *State of New York, supra*). The trial court also erred in foreclosing the State from proving that County Highway 47, a north-south highway between the Lashway and Lerwick properties and intersecting Route 206 was a four-rod right of way. Judgments reversed, on the law and the facts, and new trials ordered, without costs. Herlihy, P. J., Greenblott, Simons and Reynolds, JJ., concur; Staley, Jr., J., not voting.