HOLMES, Judge.
This case is governed by Article III of Alabama’s Uniform Commercial Code, §§ 7-3-101 et seq., Code of Ala. 1975.
The First Alabama Bank of Guntersville sued Hunt on a promissory note. The trial court found that on the basis of pertinent uncontroverted evidence, First Alabama Bank was barred from holder in due course status by § 7-3-302(3)(c), Code of Ala. 1975, and entered a directed verdict in favor of Hunt. First Alabama Bank appeals and we reverse.
The dispositive issue is whether § 7-3-302(3)(c), Code of Ala. 1975, applies to the facts of this case.
The record reveals the following facts:
In August of 1974, Hunt pursuant to a contract for the sale and purchase of two residential lots executed a promissory note payable to Fitts and Rodgers. Fitts and Rodgers were real estate developers who, in addition to selling two lots to Hunt, sold residential subdivision lots to several individuals. Like Hunt, these individuals paid for their lots .by giving Fitts and Rodgers promissory notes.
In December of 1974, Fitts and Rodgers sold the Hunt note and nine to thirteen other notes to First Alabama Bank. At trial the president of First Alabama Bank testified to the effect that, while the bank had dealt with Fitts and Rodgers in the past, this was the only time the bank had purchased promissory notes from them. There was no evidence as to whether Fitts and Rodgers had sold notes to other purchasers.
At the outset, we note that the question of whether a plaintiff is a holder in due course only arises where the defendant has established a defense to liability on the note. Patterson v. First National Bank of Huntsville, 47 Ala.App. 98, 251 So.2d 230 (1971); § 7-3-307(3), Code of Ala. 1975. In the instant case, Hunt did establish such a defense. However, the issue presented on appeal does not require discussion of this matter. Suffice it to say that Hunt, through uncontroverted evidence, established a defense which would bar recovery on the note unless First Alabama Bank was a holder in due course. See, § 7-3-306(b) and (c), Code of Ala. 1975.
As indicated above, the trial court found that First Alabama Bank was barred from holder in due course status by § 7-3-302(3)(c), Code of Ala. 1975, and entered a directed verdict in favor of Hunt. Apparently, the trial court found that First Alabama Bank purchased the note as part of a bulk transaction not in regular course of business of the transferor, here Fitts and Rodgers. This determination was based on the uncontroverted evidence that First Alabama Bank purchased ten to fourteen notes at one time and that this was the only time Fitts and Rodgers sold notes to First Alabama Bank.
*994 First Alabama Bank contends through counsel that the trial court erred in its interpretation of § 7-3-302(3)(c). We agree.
Section 7-3-302(3)(c) provides:
A holder does not become a holder in due course of an instrument;

(c) By purchasing it as part of a bulk transaction not in regular course of business of the transferor.
Since the key phrase “bulk transaction not in regular course of business of the transferor” is not defined by the Uniform Commercial Code, the scope of § 7-3-302(3)(c) cannot be readily ascertained from the face of the statute. However, Comment 3 of the Official comments to § 7-3-302(3)(c) does provide guidance in determining this Code section’s field of operation. Comment 3 in pertinent part states:
Subsection (3) is intended to state existing case law. It covers a few situations in which the purchaser takes the instrument under unusual circumstances which indicate that he is merely a successor in interest to the prior holder and can acquire no better rights... .
Subsection (3)(c) applies to bulk purchases lying outside of the ordinary course of business of the seller. It applies, for example, when a new partnership takes over for value all of the assets of an old one after a new member has entered the firm, or to a reorganized or consolidated corporation taking over in bulk the assets of a predecessor. It has particular application to the purchase by one bank of a substantial part of the paper held by another bank which is threatened with insolvency and seeking to liquidate its assets.
From Comment 3 we find that § 7-3-302(3)(c) has narrow field of operation limited to bulk transfers incident to the cessation, liquidation, or reorganization of the transferor’s business where the circumstances indicate that the transferee is a mere successor in interest to the transferor. Third National Bank in Nashville v. Hardi-Gardens Supply of Illinois, Inc., 380 F.Supp. 930 (M.D.Tenn.1974); Pugatch v. David’s Jewelers, 53 Misc.2d 327, 278 N.Y.S.2d 759 (1967). Stated differently, a bulk transfer of notes incident to the cessation, liquidation, or reorganization of the transferor’s business to a person who is merely a successor in interest to the transferor is not a transfer in the regular course of business of the transferor. This type of transaction is to be distinguished from transactions wherein the transferor sells or pledges notes to obtain cash funds for use in his business. The latter type of transaction is one which would be in the ordinary course of business, Third National Bank in Nashville, supra; Pugatch, supra, and which would be in the regular course of business regardless of whether the transaction was the transferor’s first or fortieth.
In the instant case there is no evidence indicating that the sale of the notes to First Alabama Bank was incident to the cessation, liquidation, or reorganization of Fitts and Rodgers’ real estate development business, nor is there evidence of circumstances indicating that First Alabama Bank is a mere successor in interest to Fitts and Rodgers.
As stated above, the fact that the sale of the notes to First Alabama Bank was a one time occurrence is not dispositive of the question of whether or not the transaction was in the ordinary course of business. We find that the learned trial judge misinterpreted § 7-3-302(3)(c) and that, by relying on the fact that the transaction was a one time occurrence, it erred in entering a directed verdict in favor of Hunt.
However, by so deciding we do not find that First Alabama Bank is a holder in due course under § 7-3-302(1), Code of Ala. 1975. That question is, in this instance, apparently a question of fact to be determined by the trier of fact. We hold only that § 7-3-302(3)(c) does not bar First Alabama Bank from establishing that it is a holder in due course.
The case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.