■ COMBINE INTERNATIONAL, Respondent, v ARNOLD BERKLEY, Also Known as BUDDY BERKLEY, Appellant.—Judgment, Supreme Court, New York County (Carmen Ciparick, J.), entered June 16, 1987, which granted plaintiff summary judgment in lieu of complaint in the total amount of $46,154.62 including interest, costs, and disbursements, unanimously reversed, on the law, and summary judgment denied, without costs. Plaintiff is directed to serve a complaint within 20 days of the service of this order, and defendant to serve his responsive papers within 20 days thereafter. The appeal from the order of the same court, entered May 1, 1987, which granted the motion for summary judgment, is dismissed as subsumed in the appeal from the judgment, without costs.

This is an action on four promissory notes given by Jablow Manufacturing Co., Inc. to Seema Gems, Inc. in payment for diamonds purchased for Jablow's jewelry business. Defendant Arnold Berkley was the president of Jablow and signed the notes. Plaintiff Combine International is another company engaged in the jewelry business and it purchased the notes at issue from Seema. When Combine presented the notes to Jablow's bank for payment, the bank refused to pay because Jablow's account was closed. Combine then brought this action to recover on the notes from Berkley individually.

Jablow issued the notes in connection with its purchase of diamonds from Seema on July 22, 1985 for a price of $40,707. Seema delivered the diamonds to Jablow and invoiced the corporation. In return, Jablow delivered to Seema four separate promissory notes in the aggregate amount of $40,707, each note payable on various days in January 1986, six months in the future. The notes were in the name of the corporation, Jablow, but were signed by Berkley without identification of his representative capacity.

During the latter half of 1985, Jablow experienced severe cash shortages and disruptions of its business, eventually filing a chapter 11 petition for bankruptcy in November 1985. Jablow asserts that its difficulties were well known in the tightly knit diamond industry and that Seema had specific actual notice of Jablow's financial difficulties, since after July 22, 1985 Jablow had difficulty paying another note to Seema and Seema refused to accept any further promissory notes from Jablow.

On September 16, 1985, Combine purchased from Seema the four notes here at issue, together with other notes due to Seema from other companies, for the net sum of $100,000

representing a discounted principal amount of the notes. Combine is a jewelry company located in Michigan owned by the uncle of the president of Seema. At one time, Seema was jointly owned by the uncle and nephew and had offices in Michigan and New York. In 1977, the uncle formed Combine to operate the Michigan business and the nephew operates the New York business under the Seema name. The New York address of Seema is listed by The Jewelry Board of Trade as a branch office of Combine.

In opposition to Combine's motion for summary judgment in lieu of complaint on the notes, defendant Berkley argued that the motion should be denied because he is not individually liable on the notes issued by the corporation, and that Combine is not a holder in due course.

In granting summary judgment to plaintiff, the motion court found that Combine made out a prima facie case by proof of the notes and the failure to make payments called for by their terms, and that the defendant had failed to come forward with sufficient evidentiary proof in support of his defenses.

We disagree and reverse, since we find that defendant did submit sufficient proof to raise triable issues of fact as to his defenses.

Under the UCC, a representative who signs his or her own name to an instrument is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, *"except as otherwise established between the immediate parties"* (UCC 3-403 [2] [b]; emphasis added). This exception follows the liberal preexisting New York rule permitting proof of an agreement or understanding that personal liability of the signer was not intended. *(Rotuba Extruders v Ceppos,* 46 NY2d 223.)

Here, defendant in his papers detailed a course of dealing with Seema that raises issues of fact concerning whether he signed in his representative capacity. Jablow and Seema conducted business for over seven years whereby Seema would deliver diamonds to Jablow and invoice the Jablow corporation, and Jablow would make payment by means of promissory notes in its corporate name signed by Berkley without any indication of his representative capacity. Berkley's sworn affidavit states that it was clearly understood by the parties throughout this long course of dealing that Berkley was signing only in his representative capacity as president of

Jablow and not individually. Berkley submitted copies of numerous invoices and promissory notes, covering transactions between Jablow and Seema over the years, which support his contention that he signed the notes in his representative capacity only, even though such limitation did not appear on the notes.

While the foregoing sufficiently raises a defense to Berkley's personal liability on the notes vis-à-vis Seema, the plaintiff, Combine, asserts that it is a holder in due course and, as such, acquired the instruments free of this defense. *(See,* UCC 3-305.)

A party is a "holder in due course" if it obtains an instrument for value, in good faith, and without notice of any defense against it. (UCC 3-302 [1].) We conclude that Berkley's papers raised significant issues as to whether Combine was in fact a holder in due course. Most significant is that Combine and Seema were closely intertwined businesses, owned by close relatives and sharing office space, thereby casting serious doubt upon whether the transaction was made in good faith and without knowledge of Berkley's defense against individual liability. The close relationship between the parties also casts doubt on the genuineness of the value received for the discounted notes. Berkley asserts that in all of the years during which Jablow had transacted business with Seema, Seema had never before sold any of Jablow's notes to third parties at discount. Moreover, the steep discount rate between Seema and Combine is an indication that Combine had some knowledge that the notes might be subject to defenses or have little value. Furthermore, the $100,000 check from Combine to Seema is dated September 16, 1985, yet one of the notes from another company allegedly included in the transaction is not dated until September 17, 1985. All of these factors raise triable issues as to whether plaintiff is a holder in due course who acquired the notes in good faith. *(See, A. David Schwartz, M.D., P. C. v Mastercraft Indus.,* 114 AD2d 946.)

It is also claimed that Combine cannot be considered a "holder in due course" because it obtained these notes as part of a bulk transaction. UCC 3-302 (3) (c) provides that

"[a] holder does not become a holder in due course of an instrument * * *

"by purchasing it as part of a bulk transaction not in [the] regular course of business of the transferor".
Berkley asserts that it was not Seema's regular course of business to transfer notes in bulk and at a discount. Seema is

a jewelry business and not a financial institution regularly engaged in the business of selling notes at discount. Whether a transfer is a bulk transaction not in the regular course of business turns on the facts of the particular case. *(Pugatch v David's Jewelers,* 53 Misc 2d 327, 331.) In *Pugatch,* the court found, after trial, that plaintiff was a holder in due course because it was in the regular business of buying notes and the transferor routinely discounted all the notes it received once a week with plaintiff as a source of cash flow for its business. Here, in distinction, Seema did not routinely discount its notes, and a question of fact exists as to whether its sale of notes to Combine was a bulk transaction which would negate Combine's status as a holder in due course.

Since triable issues of fact exist as to whether Berkley should be individually liable to Seema on the notes, and as to whether Combine is a holder in due course, we reverse and deny summary judgment in lieu of complaint and find that pleadings are required and that the parties should be given an opportunity to pursue discovery on these issues. Concur—Murphy, P. J., Ross, Carro, Asch and Ellerin, JJ.