■ JACK J. CASTELLI et al., Appellants, v DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK et al., Respondents.—In an action pursuant to RPAPL article 15, inter alia, to determine the parties' claims to certain real property and for a permanent injunction, the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered September 29, 1988, as denied their motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' cross motion which was for partial summary judgment on the issue of the existence of a highway easement over the subject real property in favor of the defendants and substituting therefor a provision granting that branch of the defendants' cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for a trial of the remaining issues and, thereafter, for the entry of an appropriate judgment, inter alia, declaring that the defendants have an easement for highway purposes with a width of four rods measured with reference to the center line of the Dutchess Turnpike.

On April 5, 1802, the State Legislature passed a law authorizing the construction of a highway to run "from the courthouse, in the village of Poughkeepsie" through various points

specified in the statute (L 1802, ch CXI). A public corporation, the "Dutchess Turnpike Company", was established in order to accomplish this directive, and the statute expressly made the officers of this corporation, and their successors, capable "of purchasing, holding and conveying any [real] estate * * * that they may deem necessary to enable them to fulfil the end and the intent of the corporation hereby created". The "end and the intent" of the Dutchess Turnpike Company, as set forth in the statute, was to "cause a road to be laid out to and from the places * * * mentioned [in the statute], *at least four rods wide,* except where valuable buildings interfere" (emphasis supplied).

The present action was commenced after the plaintiffs, Jack and Margaret Castelli, the owners of certain real property which abuts the currently existing Dutchess Turnpike (also known as State Highway Route 44), unsuccessfully sought to prevent agents of the defendants, the New York State Department of Transportation (hereinafter the Department of Transportation) and the State of New York, from entering on their property as part of a project to expand the roadway. In their complaint, the plaintiffs demanded judgment declaring their right to the exclusive use and possession of a strip of land along the Dutchess Turnpike. According to the complaint, the defendants' agents had appropriated a portion of this land and were threatening to appropriate more. The plaintiffs also sought a permanent injunction prohibiting the defendants' agents from entering upon their land.

In support of their subsequent motion for summary judgment, the plaintiffs produced, among other things, a deed and the affidavit of a surveyor. This evidence tended to prove that the plaintiffs had title to all the land up to the edge of the currently existing Dutchess Turnpike. The plaintiff Jack Castelli stated that the defendants have nevertheless claimed the right to enter upon a strip of land "as much as 23 feet from the existing road". It is the plaintiffs' position that the defendants have no rights with respect to this land. In the words of an officer of the plaintiffs' title insurer, "the claim of the Department of Transportation is not supported by any filed or recorded instruments". Also, the surveyor for the plaintiffs averred that no eminent domain proceeding had been instituted since the Dutchess Turnpike was last reconstructed, in 1932, so as to conform to its present dimensions.

The defendants made a cross motion for summary judgment and for leave to amend their answer. In his affidavit in support of the cross motion, a surveyor for the Department of

Transportation did not take issue with the statements of fact upon which the plaintiffs' motion is based. Instead, he argued what is essentially a point of law, i.e., that the statute referred to above (along with related laws subsequently passed by the Legislature on Apr. 10, 1813, and on Feb. 23, 1916) mandated that the Dutchess Turnpike be at least four rods wide, so that by operation of law, the State had acquired an easement for highway purposes with at least those dimensions. This surveyor's affidavit also served as the basis for the production of a document which contained a metes and bounds description of the centerline of the Dutchess Turnpike. According to this surveyor, this document was sufficient to enable the defendants "to reestablish the centerline of the Dutchess Turnpike and also establish the highway boundaries which the State required in order to reconstruct the road".

The attorney for the plaintiffs argued in a reply affidavit that "Chapter CXI of the Laws of 1802 was merely an enabling statute creating a corporation with the authority to acquire lands for the purpose of constructing a road. The statute is not a document which conveyed to, or granted an easement to, the Turnpike Company or its successors". He further argued that chapter CXI (§ VIII) created a mechanism by which the Dutchess Turnpike Company could legally take property from the landowners whose property lay in the path of the proposed highway, and that this statutory mechanism has since been superseded by the terms of the Eminent Domain Procedure Law.

The Supreme Court denied both the plaintiffs' motion for summary judgment and that branch of the defendants' cross motion which was for summary judgment. That branch of the cross motion which was for the alternative relief of leave to amend the answer was apparently not decided, and is not under review on this appeal. The plaintiffs have appealed from so much of the order as denied their motion; however, we may search the record in order to determine whether either party is entitled to summary judgment (see, CPLR 3212 [b]). Upon our review, we find that defendants are entitled to partial summary judgment declaring the existence of a right-of-way with a width of four rods.

The central question in this case is whether the defendants' easement for highway purposes is limited to the width of the present paved portion of Dutchess Turnpike, as argued by the plaintiffs, or whether, instead, the statutes referred to above effectively granted the defendants an easement for highway purposes with a width of four rods. The plaintiffs argue that

the statutes referred to above did not themselves accomplish the acquisition of the four-rod width of land needed for the Dutchess Turnpike as it was originally conceived, but instead merely created a public agency with the power to bring the condemnation proceedings necessary in order to make such acquisitions. The plaintiffs argue that, in the absence of proof that such condemnation proceedings were brought, it must be presumed that the Dutchess Turnpike Company (and its successors) never took the steps needed to fulfill the statutory mandate.

Whatever persuasiveness the plaintiffs' argument might seem to have, the fact remains that it is no longer tenable in light of the decision of the Court of Appeals in *Schillawski v State of New York* (9 NY2d 235). In *Schillawski,* the court held that the State had acquired an easement with a width of six rods by virtue of a statute (L 1800, ch 78) which authorized the Seneca Road Company to build the Seneca Turnpike, and which provided that the Seneca Turnpike should be six rods in width. Over the dissent of Judge Froessel, who noted that the statute in question "did not give the company a [six rod] right of way, but simply authorized it to lay out a road that width" *(Schillawski v State of New York, supra,* at 241) and who also noted that there was "no evidence whatever that the company had purchased or condemned land" *(Schillawski v State of New York, supra,* at 240), the majority of the Court of Appeals held that an easement of six rods had been created solely as a result of the enactment of the statute. The court also held that the State had not abandoned this easement *(see,* Highway Law § 205 [1]; *Beckwith v Whalen,* 65 NY 322; *Matter of Flacke v Strack,* 98 AD2d 881, 882). There is no proof of an abandonment within the meaning of Highway Law § 205 (1), in this case.

The arguments made by the plaintiffs in this case mirror precisely the arguments which, as reflected in Judge Froessel's dissent, were rejected by the Court of Appeals in the *Schillawski* case. The plaintiffs argue that the State must prove that the turnpike company compensated the original owners of the property affected by the four-rod right-of-way; however, pursuant to the holding of the *Schillawski* case, such compensation is presumed to have been made since it is presumed that there was compliance with the procedures outlined in the governing statute *(see also, Lashway v State of New York,* 39 AD2d 996; *Bovee v State of New York,* 28 AD2d 1165; *Hering v Town of Canandaigua,* 52 Misc 2d 98). It is, in effect, presumed that the plaintiffs' predecessors in title were compensated for the

taking of the four-rod strip of land which, as reflected in the statutes mentioned above, was intended by the Legislature to serve as the roadbed for the Dutchess Turnpike.

In accordance with this rule of law, the defendants are entitled to partial summary judgment declaring that they are the owners of an easement for highway purposes with a width of four rods, the central point of reference being the center-line of the road as set forth in the original survey of the turnpike. However, the various papers submitted in connection with the parties' motion and cross motion do not permit us either to confirm that the defendant has been able, as it is claimed, to "reestablish the centerline of Dutchess Turnpike", or to define precisely where that line is. We note, incidentally, that it is not necessary for the State to prove that the centerline of the existing turnpike coincides exactly with the centerline as originally laid out (see, Lashway v State of New York, supra, at 996-997). It is sufficient to say that the State has an easement for highway purposes extending two rods to either side of the original centerline. On this record we are unable to determine the precise boundaries of the easement or whether the defendants have trespassed beyond those boundaries (cf., Frankfater v State of New York, 17 AD2d 515, 517-518).

Accordingly, we grant partial summary judgment to the defendants declaring that the State has a four-rod easement measured from the original centerline of the Dutchess Turn-pike, and we remit the matter for a trial at which the defendants must prove the location of the original centerline and must establish that the portion of the plaintiffs' land which they intend to improve for highway purposes falls within the original bounds of the easement. If it appears that the defendants are making no threat to exceed the boundaries of this easement, then the plaintiffs' causes of action would be dismissed. Mangano, P. J., Thompson, Bracken and Rubin, JJ., concur.