■ CHICAGO TITLE INSURANCE COMPANY, Appellant, v DE-PARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK et al., Respondents, et al., Defendants.—In an action pursuant to RPAPL article 15, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), entered September 22, 1988, which, inter alia, granted the cross motion of the defendants, Department of Transportation of the State of New York and the State of New York, for summary judgment.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, which had issued policies of title insurance on certain parcels of real property abutting State Highway Route 376, commenced this action to quiet title in William Wolf, Jr., Judy Wolf, Frank A. Nicodemus, Ruth A. Nicodemus, Robert J. Nicodemus, and Leric Realty Development Corp., named as nominal defendants in the summons and complaint (hereinafter the defendant owners), pursuant to the terms of their respective title insurance policies.

The complaint insofar as it is against the defendants, Department of Transportation of the State of New York and the State of New York (hereinafter the State defendants), sought, *inter alia,* a declaration of the rights of the defendant owners in the real property in accordance with their respective deeds. After issue was joined, the plaintiff moved and the State defendants cross-moved for summary judgment.

The State claimed a highway easement over portions of certain real property abutting Route 376 by virtue of Laws of 1847 (ch 210). That statute provided, *inter alia,* for the formation of a plank road company which was to lay out a road "at least four rods wide" over a course to be laid by the company (L 1847, ch 210, § 32). The State contended that, as the successor in interest to the plank road company, this statute endowed it with a right-of-way with a width of four rods over the entire length of the road as laid out and charted on a "Map and Survey of the Poughkeepsie and Stormville Plank Road".

The plaintiff argued that no proof was adduced by the State to show that it ever acquired the necessary title or easement in the claimed parcels. The State countered that the cited statute was sufficient to establish its right-of-way and that the only proof necessary was the delineation of the centerline of the original plank road, which proof, the State contends, was sufficiently presented.

The Supreme Court denied the plaintiff's motion and granted summary judgment in favor of the State defendants. Upon a review of the record, we find that summary judgment was properly granted to the State defendants and affirm the order appealed from.

The instant matter is clearly governed by the Court of Appeals decision in *Schillawski v State of New York* (9 NY2d 235; *see also, Castelli v Department of Transp.,* 163 AD2d 450 [decided herewith]).

In *Schillawski (supra),* the Court of Appeals held that the

State had acquired an easement by virtue of a statute which authorized the Seneca Road Company to build the Seneca Turnpike with a width of six rods *(see,* L 1800, ch 78). This determination was made even though the statute did not give the company a six-rod right-of-way but simply authorized it to lay out a road of that width. There was also no evidence presented to show that the company had purchased or condemned land *(see, Schillawski v State of New York, supra,* at 240).

As this court has held in *Castelli v Department of Transp. (supra),* the State need not prove that the original owners of the property were compensated for granting the highway easement to the plank road company since such compensation "is presumed to have been made since it is presumed that there was compliance with the procedures outlined in the governing statute" *(see also, Lashway v State of New York,* 39 AD2d 996; *Bovee v State of New York,* 28 AD2d 1165; *Hering v Town of Canandaigua,* 52 Misc 2d 98). Therefore, the State defendants were properly granted summary judgment declaring them to be the owners of an easement for highway purposes with a width of four rods having a central reference point as the centerline of the State Highway Route 376.

We also find that the State submitted sufficient evidence to show that it was able to determine the centerline of that highway. In support of its cross motion, the State provided an affidavit by a State engineer which indicated that he was able to determine the centerline of the four-rod road in front of the properties owned by the codefendants. In opposition thereto, the plaintiff failed to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067).

Accordingly, we find that the court properly granted summary judgment in favor of the State defendants. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.