■ ARDE APPAREL, INC., Respondent, v MATISSE LTD., Defendant, and MICHAEL AHDOT, Appellant. [658 NYS2d 627] —Order of the Supreme Court, New York County (Leland DeGrasse, J.),

entered January 3, 1997, which, *inter alia*, granted plaintiff's motion for summary judgment and denied defendant Michael Ahdot's cross-motion for summary judgment dismissing the complaint as against him in his individual capacity, unanimously reversed, on the law, to the extent of denying plaintiff's motion and granting the cross-motion of Ahdot, without costs. The Clerk is directed to dismiss the complaint as against defendant Ahdot.

It is undisputed that defendant Ahdot was the signatory and plaintiff the payee of nine checks totaling some $55,606. The checks when presented by plaintiff for payment were returned for insufficient funds and plaintiff thereafter commenced this action seeking, *inter alia*, to hold Ahdot personally liable for payment of the checks. In support of its ensuing motion for summary judgment against Ahdot personally, plaintiff pointed out that the subject checks bore no indication that Ahdot had signed them in a representative capacity. While the motion court agreed that that circumstance sufficed to render Ahdot personally liable, additional circumstances of record lead us, as a matter of law, to the opposite conclusion.

While it is true that one who signs a negotiable instrument without indicating that his or her signature is made in an agency capacity will ordinarily be personally obligated upon the instrument (UCC 3-403 [2] [a]), it is also true that this rule of personal liability admits of exception where it is established that the immediate parties to an instrument have otherwise agreed that the signatory will not be held individually responsible (UCC 3-403 [2] [b]; *Rotuba Extruders v Ceppos*, 46 NY2d 223; *Combine Intl. v Berkley*, 141 AD2d 465, 466). To come within this exception the signer must prove "an agreement, understanding or course of dealing" rebutting the presumption of personal liability (*Rotuba Extruders v Ceppos, supra,* at 229). It is not enough for the signer simply to claim that he or she had no intention of being bound personally (*supra*).

Acknowledging that the evidentiary burden the signer must carry to come within the aforecited exception is not a light one, we nevertheless conclude that that burden has been met by defendant Ahdot. In this connection, it is not disputed that plaintiff and the corporate defendant, Matisse Ltd., of which Ahdot was a principal, had had a longstanding vendor/vendee relationship in the course of which over $600,000 of business was transacted. Nor is it disputed that the subject checks were in fact drawn in payment of amounts owing for goods purchased by defendant Matisse Ltd. from plaintiff. Indeed, it is clear

from both plaintiff's records and the testimonial admissions of plaintiff's principal, Arturo Dopazo, that the only party contractually obligated to pay for the goods purchased with the checks at issue was the corporate defendant Matisse Ltd. In fact, plaintiff has conceded in its motion papers that "none of the underlying transactions were with Ahdot personally". Dopazo's deposition testimony accordingly confirms that, although the checks had been signed by Ahdot, plaintiff was aware that they had been issued by Matisse and that they evidenced only its corporate obligation. In addition, plaintiff, again through Dopazo, has acknowledged that Ahdot was never requested personally to guarantee Matisse's payment, and that it was not customary in transactions such as those conducted between the corporate parties for the vendor to ask for personal guarantees.

Thus, in view of the undisputed course of dealing between the corporate parties as evidenced by plaintiff's sales records, and plaintiff's testimonial concessions to the effect that it was aware that Ahdot had not drawn the sued upon checks either to satisfy a personal obligation or as a guarantor but rather in purported payment of the corporate defendant's debt to plaintiff, it would seem that an understanding sufficient to rebut the presumption of the signer's personal indebtedness has been established and that summary judgment dismissing the complaint insofar as it sounds against Ahdot personally ought to be granted.

We note that the motion court's evident belief that *Bankers Trust Co. v Javeri* (105 AD2d 638) required a contrary result was in error. The plaintiff in that case was not an immediate party to the instrument there sued upon and, accordingly, the defense set forth in UCC 3-403 (2) (b), which by its terms is applicable only between "immediate parties", was not available against that plaintiff's claim. Here, by contrast, the parties to the lawsuit were the immediate parties to the instrument, rendering the subject defense available. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.