■ THUNDERBALL MARKETING, INC., Respondent, v CHARLES RIEMER, Doing Business as RJC DISTRIBUTORS, Appellant, et al., Defendant. [709 NYS2d 45] —Order and judgment (one paper), Supreme Court, New York County (Emily Goodman, J.), entered December 8, 1999, which granted plaintiff's motion for summary judgment in lieu of complaint, denied the individual defendant's cross motion for summary judgment, and awarded judgment in favor of plaintiff and against the individual defendant in the total amount of $28,004.02, unanimously affirmed, with costs.

Defendant's assertion of defenses dehors the checks sued on does not take these "prototypical example[s]" of instruments for the payment of money only (*Weissman v Sinorm Deli*, 88 NY2d 437, 444) outside the ambit of CPLR 3213 (*see, Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, *affd* 29 NY2d 617).

The checks in issue, which bear the printed name of the corporate defendant, were signed by the individual defendant without indication that he was doing so in a representative capacity. Accordingly, the individual defendant is liable on the checks (UCC 3-403 [2] [a]), unless he can establish "an agreement, understanding or course of dealing to the contrary" (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 229, explaining UCC 3-403 [2] [b]). This defendant failed to do (*cf., e.g., Arde Apparel v Matisse Ltd.*, 240 AD2d 328; *Combine Intl. v Berkley*, 141 AD2d 465). The record establishes that plaintiff first entered into a business relationship with the individual defendant based on his representation that his business was a sole proprietorship, and conducted a credit check on that basis. That the individual defendant subsequently incorporated his business, and that plaintiff thereupon began issuing invoices to the corporation and accepting its checks, does not raise an issue of fact as to whether the parties regarded the checks to be the corporation's obligations alone. Creditors of small corporations often demand that officers personally obligate themselves on corporate commercial paper (*Rotuba Extruders v Ceppos, supra*, at 231). We would also note that the sole proprietorship and corporation have very similar names, and that defendant in the past had replaced dishonored corporate checks with his personal ones. Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.